ALEXIS DUPUY, EDWARD LLOYD, AND WILLIAM
    B. AGARD v. WILLIAM SHEAR AND FREDERICK
    D. KOHLER.

MODE OF COMMENCING SUITS. — The mode of commencing suits and acquiring
    jurisdiction of the parties is controlled by the Practice Act, and not by the prac-
    tice which prevailed at common law.
TIME WITHIN WHICH SUMMONS MUST BE ISSUED.—Since the amendment of 1860
    to the one hundred and twenty-third section of the Practice Act, the Clerk is not
    authorized to issue a summons in an action, without an order from the Court, after
    the expiration of one year from the filing of the complaint. This principle
    applies as well to causes in which the complaint was filed before, as to those in
    which the complaint was filed after the amendment took effect.
SUMMONS ORDERED TO BE ISSUED BY THE COURT.—If the Court is authorized to
    direct a summons to issue after the expiration of the year, the exercise of the
    power rests in the legal discretion of the Court, and its action will not be set
    aside on appeal unless it clearly appears that the discretion was not soundly
    exercised.
ORDER OF COURT STRIKING OUT COMPLAINT.—Where a plaintiff commences an
    action by filing a complaint and issuing summons, but makes no service on the
    defendant until nine years have elapsed, an order of the Court, made on defend-
    ant's motion, striking out the complaint for want of prosecution, is not such an
    abuse of discretion as to justify the appellate Court in reversing the order.

APPEAL from the District Court, Twelfth Judicial District,
City and County of San Francisco.

The facts are stated in the opinion of the Court.

E. A. Lawrence, for Appellants.

Bennett, Cook & Clarke, for Respondents.


By the Court, SAWYER, J.

The complaint in this case was filed and summons issued
thereon on the 26th of July, 1855. A suit was, therefore,
commenced on that day within the provisions of the Statute of
Limitations, and also within the provisions of section twenty-
two of the Practice Act. But no service was had, and, conse-
quently, no jurisdiction of the persons of the defendants was
acquired. The action remained in that condition without any
further steps having been taken till October 8th, 1864—a

period of more than nine years. On the last named day the plaintiff, on an affidavit stating the filing of the complaint, the issuing of the summons thereon, and that said summons was lost by the Sheriff, procured from the Judge at chambers, on *ex parte* application, an order that another summons issue. The summons thus issued having been served, the defendants moved to set aside said summons as having been improvidently issued, and to strike the complaint from the files of the Court for want of prosecution. The motion was heard on affidavits and counter affidavits, and granted by the Court. The appeal is from the order setting aside the summons and striking the complaint from the files.

### *Mode of commencing suits.*

The Practice Act prescribes the mode of commencing suits, and acquiring jurisdiction of the parties. The proceeding is controlled by its provisions, and not by the rules of practice which prevailed at common law. When this suit was instituted section twenty-two provided, that " a suit shall be commenced by the filing of a complaint with the Clerk of the Court in which the action is brought and the issuing of a summons thereon." Section twenty-three, as it then existed, also provides, that " the Clerk shall indorse on the complaint the day, month and year the same is filed; and at any time after the filing the plaintiff may have a summons issued." The act of filing a complaint, and issuing the summons were both performed, and a suit was, therefore, commenced. But no service was made, and no jurisdiction of the defendants acquired.

### *When summons may issue.*

In 1860 section twenty-three was amended so as to read as follows : " And at any time within one year after the filing of the same the plaintiff may have a summons issued." These are the only provisions prescribing the mode of commencing suits and authorizing the issue of a summons. The summons authorized by section twenty-three to be issued, whether one

or more, issues as a matter of course upon application to the
Clerk.   The party, upon filing his complaint and paying the
costs, has a right to it, and no order by the Court or Judge is
required.   But the section was amended in 1860, and limited
the time within which the summons provided for in that and
the preceding section could be issued, to one year after the
filing of the complaint.   This is an amendment which merely
affects the mode of proceeding, and all proceedings thereafter
taken must be in accordance with that provision.   A sum-
mons threafter to be issued as a matter of absolute right, must
issue by virtue of the provisions of the section as amended,
because there is no other provision authorizing the issue of any
summons.   Conceding, then, that under the provisions of sec-
tions twenty-two and twenty-three, a party may have more
than one summons issued on the same complaint, they must,
since the amendment, all be issued within the time prescribed,
for if he relies upon the provisions of that section to establish
his right, he cannot have more than these provisions authorize.
The summons vacated was issued long after the time limited,
and, therefore, not in pursuance of its provisions.   And the
fact that the plaintiff had at the time of filing his complaint
availed himself of the provisions of the statute then in force
and procured a writ to be issued, does not affect the question.
A technical *alias* summons is not known to our law, and in
fact, under our system of practice there is no necessity for
one.   The summons specifies no return day, and when it has
once been issued it may be served and returned at any time
without reference to the time of the commencement of the
next term of Court.   It is served by delivering a copy to the
defendant.   If more than one summons is authorized by the
Practice Act, the second has no necessary connection with, or
dependence upon, the first.   It is based upon the complaint
alone.   The *capias ad respondendum* under the common law
system was returnable at the next succeeding term of the
Court, and a return of the writ was a necessary prerequisite to
the issuing of an alias.   It was also necessary on return of the
*capias* that a continuance roll should be made up, and, unless

there was a continuance, there was nothing to connect an *alias* or *pluries* with the *capias* upon which it depended, and the suit failed. Unless the continuity of the proceeding was kept up by a continuance roll from the issuing of the *capias* to the issuing of the *alias* or *pluries* upon which the defendant was arrested, the issue of the *capias* within the time specified in the Statue of Limitations would not save the action, where the arrest was made on an *alias* issued after the statute had run upon the demand in suit. A party might, doubtless, issue as many writs of *capias* as he pleased on the same demand without reference to the return of the prior writ, but in such case the suing out of such writ would be the institution of a new suit, and not be a process in the same suit. But these principles have no relevancy to our system.

### When the Court must order summons to issue.

The Clerk, then, was not authorized to issue the summons set aside without an order of the Court. If the Court had any authority to direct a second summons to issue, it must be because by filing the complaint and issuing a summons thereon a suit had been commenced within the meaning of the provisions of the Practice Act, and there was thenceforth a suit pending and within the control of the Court, which the Court by virtue of its general powers over the subject matter was authorized to' dispose of, and as incident to this power it was authorized to direct process to issue for the purpose of acquiring jurisdiction of the person. We can perceive no other ground upon which to base the power of the Court to make the order. Conceding this authority to exist, the exercise of the power rests in the sound legal discretion of the Court. The order for the issue of the summons in the first instance was made upon an *ex parte* application, and, doubtless, without much consideration. Afterwards the question was more fully considered upon the motion to vacate the order and set aside the summons, when both parties were heard upon the merits.

31

The Court then came to the conclusion that the order had been made and the summons issued improvidently, and the summons was thereupon set aside. The Court upon a full hearing exercised its judicial discretion, and we are not prepared to say that it was not soundly exercised. There was a degree of *laches*—a want of diligence in prosecuting the suit instituted, that is contrary to the spirit of our laws, and which ought not to be encouraged, or even tolerated. Upon either view, then, there was no error in setting aside the summons.

Appellants insist that the motion to strike out the complaint before issue joined was premature.

### *When the Court may strike complaint from the files.*

The defendant having been served with a summons was called upon to make some answer to the commands of the writ, and this he properly did by moving to set it aside. Perhaps he was not authorized to claim any further relief without appearing in the action and submitting himself to the jurisdiction of the Court. He did, however, ask that the complaint be stricken out for want of prosecution, and this branch of the motion was also granted. The record does not show that any objection was taken in the Court below to the hearing of this branch of the motion on the ground that the defendant had not appeared, or that it was premature. Had the point been made, doubtless the Court would have required an appearance to be entered in the action, as a condition of being heard on this branch of the motion. We see no good reason why the Court after the commencement of a suit may not dispose of it by striking the complaint from its files when the plaintiff has failed for many years to take any effective measures to procure a service and give the Court jurisdiction of the person of the defendant. Certainly, it was never contemplated that a party may file a complaint and issue a summons, and then wait an indefinite period of time till the witnesses of the other party are dead, or his evidence destroyed, before he takes any effectual steps to procure a service of process. We do

not think such a case is provided for in sections one hundred forty-eight and one hundred forty-nine of the Practice Act; but the Court, having got possession of the case by the commencement of a suit, must have some power to dispose of it, when the plaintiff declines or neglects to proceed. In this case more than nine years elapsed after the commencement of the suit without any effectual steps having been taken to procure service of the summons issued, and the parties defendant all the time resided in the city where the suit was pending, and were well known. The District Court passed upon the question, as to whether there was anything in the circumstances of the case to justify the delay, and found against the plaintiffs on that point, and we are not satisfied that it was wrong in this respect. Although the defendant had not appeared in the action, no objection appears to have been made to the motion to strike out on that ground. We think, upon the whole, that this portion of the order should also be affirmed.

The order setting aside the summons and striking out the complaint is affirmed.