[No. 2,851.]

## WM. W. CHIPMAN AND G. AUGHINBAUGH v. JAMES F. HIBBERD.

DISMISSAL OF ACTION FOR WANT OF PROSECUTION.—It is not an abuse of discretion for the Court to dismiss an action for want of prosecution, when, after the reversal of a judgment obtained by the plaintiff, he neglects for fourteen years to file a remittitur in the Court below.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The defendant moved to dismiss the action for want of prosecution upon the affidavit of T. D. Matthewson, attorney in fact for the defendant, dated January 16th, 1871, in which the following facts were stated: The action was commenced in February, 1853, and in October of the succeeding year a judgment was rendered for the plaintiff. The defendant appealed to the Supreme Court, where, at the April term, 1856, the judgment was reversed and a new trial was ordered (6 Cal. 162). The plaintiff, without the consent of the defendant, delayed further proceedings in the case until October, 1870—more than fourteen years. As grounds for the belief that the plaintiff had abandoned the cause of action, the affiant stated that the plaintiff had, in January, 1858, petitioned for the benefit of the State insolvent law, and did not include in his schedules the claim upon which the action was founded. He further stated that the defendant had disposed of all his interests in California, and removed to Indiana in 1855, where he has since resided; that the witnesses for the defense have either died or departed the State, so that it would be difficult, if not impossible to make a defense; and that it would be an unreasonable

hardship to compel him to return for that purpose after so long a delay. The motion was opposed upon an affidavit by G. Aughinbaugh, one of the plaintiffs, who denied that the cause of action had been abandoned, and stated that when the case was decided by the Supreme Court, the defendant (or one Emeric for him) had received the remittitur and failed to file it in the District Court; that in October, 1870, the plaintiff procured a duplicate remittitur and had the cause placed on the calendar for trial; that he had supposed the plaintiff would return to California, as he owned property here; that he had himself been absent from the State some years; that the delay was owing to the defendant's laches and not to the neglect of the affiant, and as the burthen of proof was upon the latter to make out his cause of action, the delay was more injurious to him than to the defendant, especially as the latter had at the first trial relied upon a written lease for his defense, calling no witnesses. The affiant also stated that the Statute of Limitations had not run against the cause of action when the defendant left the State.

The Court granted the motion and dismissed the action, and the plaintiffs appealed.


*S. W. Holliday,* for Appellant.

The defendant cannot, by keeping back a remittitur, keep the case off the calendar for years, and then, when it is finally placed on the calendar, either by himself or the plaintiff, move its dismissal, unless "when the plaintiff fails to appear on the trial." No remittitur was filed until October 31st, 1870, until which time there was no power in the District Court to dismiss. If defendant had, at any time prior to this date, moved to dismiss, his own negligence and its culpability, as well as want of power in the Court, would be apparent.

There was, at least, a want of legal discretion, as well as a want of evidence to legally satisfy the mind of the Court of its power to dismiss the action.

*T. H. Hittell*, for Respondent.

The Court below had power to dismiss, and exercised it properly. The power to dismiss an action for want of prosecution is well established by a number of decisions. In one case the delay to prosecute was for only two years and eight months, and still the Supreme Court was clear on the propriety of the exercise of the power. In the case at bar the delay was for the long space of fourteen years, during which how many changes have not taken place? (*Grigsby* v. *Napa County*, 36 Cal. 585; *Dupuy* v. *Shear*, 29 Cal. 238; *Green* v. *Covillaud*, 10 Cal. 317; *Kane* v. *Cook*, 8 Cal. 449.)

By the COURT:

Under the circumstances disclosed by the record, we do not think the dismissal of the case was an abuse of the discretion of the Court.

Order affirmed, as of October 1st, 1873.