[No. 3889.]

ORRIN SIMMONS, ADMINISTRATOR OF THE ESTATE OF BEZER SIMMONS, DECEASED, *v.* JOHN KELLER.

DISMISSAL OF ACTION FOR WANT OF PROSECUTION.—If, after the defendant has answered, the plaintiff neglects for more than two years to bring the case to trial, or to take any steps looking to a trial, the court may, on motion of the defendant, made on notice to the adverse party, dismiss the action.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Complaint in ejectment filed January 28, 1870.  Summons issued January 28, 1870, and served December 12, 1870.  Defendant filed his answer December 21, 1870.  March, 1873, the defendant gave notice of motion to dismiss the action for want of prosecution.  The motion came up for hearing on the 30th day of May, 1873.  The motion was made on the papers and an affidavit of the defendant's attorney, that the plaintiff had taken no steps or proceedings to bring the case to trial, by placing it on the calendar or otherwise.  The plaintiff resisted and placed his opposition on an affidavit, that the defendant had plead the Statute of Limitations, and that there was another case

pending in the Supreme Court in which the statute was pleaded, and which was like the case at bar; and that the plaintiff had desired to wait until such case was decided, in order to know whether the statute was a valid defense. The court granted the motion, and the plaintiff appealed.

*S. L. Rogers and B. S. Brooks,* for the Appellant.

When an issue of fact is joined in an action, the clerk must put it on the calendar, and when it is called for trial, if the plaintiff does not appear and the defendant does appear, he may move to have it dismissed. *Expressio unius est exclusio alterius.* In every other case judgment must be rendered on the merits. (Code of Civil Procedure, Sections 593, 294, 581, 582, and 592.)

It always was the law, and always has been, and probably always will be, that when the defendant can himself bring the cause to trial he cannot have judgment, as in the case of nonsuit, for the obvious reason that he is as much in default as the plaintiff for not bringing the case to trial. (*Wyndowe* v. *Carlisle,* 11 Moore, 269; South Carolina, 3 Bing. 404; *Bassett* v. *Borne,* 5 Moore, 473; *Rogers* v. *Teft,* 17 John. 267; *Townsend* v. *Cowen,* 19 Wend. 639.)

*P. Dunlap,* for the Respondent, cited *Grigsby* v. *Napa Co.* (36 Cal. 588), and argued that it did not appear that the Court had abused its discretion.

By the Court, NILES, J.:

A similar question was presented in *Chipman* v. *Hibberd* (47 Cal. 638), where we affirmed the order of the District Court dismissing a pending action for the failure of the plaintiff to prosecute within a reasonable time. We think there was no abuse of the discretion of the Court in this case.

Order affirmed.