[No. 9449.   Department Two. — June 29, 1886.]

LEONARD  A.  SAVILLE,  ADMINISTRATOR,  ETC.,  OF
DAVID  SAVILLE,  DECEASED,  APPELLANT,  v.  JOHN  B.
FRISBIE  ET  AL.,  RESPONDENTS.

PRACTICE — REFERENCE — WANT OF DILIGENCE IN PROSECUTION — DISMIS-
SAL. — The reference of an action for trial and judgment does not de-
prive the court of power to order its dismissal for want of diligence in
its prosecution before the referee.

ID. — The action was commenced on the 31st of March, 1860. On the 15th
of May, 1861, it was referred to a referee to report a judgment. In the
years 1862 and 1863, the plaintiff introduced a portion of his evidence,
but no further steps were taken in the matter until June, 1883. In
August, 1868, the original plaintiff died, and on the 24th of February,
1881, his administrator was substituted in his place. The administrator
knew of the condition of the action for at least ten years before his sub-
stitution. On the 5th of November, 1883, the court made an order dis-
missing the action for want of diligence in its prosecution. *Held,* that
the order was proper.

APPEAL from an order of the Superior Court of the
city and county of San Francisco dismissing the action.

The facts are stated in the opinion of the court.

*Philip G. Galpin,* and *W. S. Wood,* for Appellant.

*Henry P. Irving, H. S. Brown, W. W. Stow, B. S. Brooks,*
and *H. W. Carpentier,* for Respondents.

THORNTON, J. — The order of the 24th of February,
1881, dismissing this case, from which an appeal was
prosecuted to this court, was here reversed in May, 1883,
on the ground that the opportunity had not been afforded
the plaintiff to show cause why the order should not be
made. (11 Pac. C. L. J. 354.) The *remittitur* from this
court was filed in the court below on the nineteenth day
of June, 1883, and the motion to dismiss the action was
renewed by a notice served on plaintiff on the 14th of
July following. The motion was heard in October, 1883,
and the order dismissing the action was made on the
fifth day of the next month. The motion was made on

the ground that plaintiff had failed to prosecute the action with reasonable diligence, or any diligence.

There was certainly great delay in prosecuting the action. It was commenced on the 31st of March, 1860, and referred to S. H. Dwinelle, Esq., on the 15th of May, 1861, to report a judgment. The plaintiff had not finished putting in his evidence when the notice of the motion was given.

Evidence was introduced before the referee in the years 1862 and 1863. It does not appear that any further steps in the matter of the introduction of evidence were taken until June, 1883. David Saville, in whose name the action was originally brought, lived more than five years after the evidence introduced in 1863 was taken before the referee.

During the period above mentioned, nothing further was done in the cause. In August, 1868, David Saville died. The present plaintiff was appointed administrator of the estate of David Saville on the 8th of February, 1869, but was not substituted as a party plaintiff until the 24th of February, 1881,—more than twelve years after his appointment. There was evidence before the court below that the present plaintiff knew of the action and its condition for at least ten years before he was made a party.

We see no reason why the reference of a cause for trial and judgment, and its pendency before the referee, should deprive the court of its full power to order its dismissal for want of diligence in its prosecution before the referee. We find no irregularity in the court's making the order, and we think it justified by the circumstances before it. There is no error in the record.

Judgment affirmed.

SHARPSTEIN, J., and McKEE, J., concurred.

Hearing in Bank denied.