102  611
126 299
126  301

</div>

[No. 15387.   Department One.—June 5, 1894.]

FRANCIS A. HASSEY, APPELLANT, v. SOUTH SAN FRANCISCO HOMESTEAD AND RAILROAD ASSOCIATION, RESPONDENT.

DISMISSAL OF ACTION—WANT OF PROSECUTION—DISCRETION—APPEAL.—
The superior court has power to dismiss an action therein pending for want of prosecution, and its action will not be disturbed upon appeal in the absence of a showing of an abuse of discretion.

ID.—LONG DELAY IN PROSECUTION—CONSENT TO PART DELAY.—The dismissal of an action by the superior court for want of prosecution will not be disturbed upon appeal where it appears that the action had been commenced more than twenty years before a motion to dismiss was made, and that the motion stood over for two years without being brought to a hearing, although it is admitted that the delay in bringing the case to a hearing was, during the first ten years, by the consent of, or at the request of, the defendant's attorney.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

A. C. Freeman, for Appellant.

The court had no power to dismiss the action for want of diligence in its prosecution, as such a cause is not

one of those enumerated in the code.   (See Code Civ.
Proc., secs. 581, 582.)

*R. H. Lloyd, Newlands, Allen & Herrin,* and *C. E. Nou-
gues,* for Respondent.

The court had the power to dismiss the action for
want of prosecution, and this power was properly exer-
cised in this case.   (*Kubli* v. *Hawkett,* 89 Cal. 638, 642;
*Pardy* v. *Montgomery,* 77 Cal. 326; *Simmons* v. *Keller,* 50
Cal. 38; *Saville* v. *Frisbie,* 70 Cal. 87; *Chipman* v. *Hib-
berd,* 47 Cal. 638; *Grigsby* v. *Napa County,* 36 Cal. 585; 95
Am. Dec. 213; *Lander* v. *Fleming,* 47 Cal. 614; *Kornah-
rens* v. *His Creditors,* 64 Cal. 492.)

SEARLS, C.—This action was brought in the district
court of the fourth judicial district in and for the city
and county of San Francisco, state of California, on the
twelfth day of November, 1868, to foreclose a mortgage
upon certain lands in South San Francisco.   Defend-
ants filed their answer on the first day of August, 1870,
setting up facts which, if true, constituted a defense to
the action.   The case was transferred to the superior
court in and for said city and county, and on the ninth
day of April, 1892, was, on motion of counsel for defend-
ants, dismissed for want of prosecution.   Plaintiff ap-
peals from the judgment of dismissal, and fortifies his
appeal by a bill of exceptions.

The motion to dismiss the cause was noticed for hear-
ing on the third day of January, 1890, and was based
upon the pleadings and affidavits on file, and the affi-
davit of H. F. Williams, one of the defendants, which
was served with the notice.   The motion was not heard
until March, 1892.

The affidavit of Williams, in addition to a defense to
the action, tended to show that, from the date of the
answer in 1870, plaintiff had taken no steps to bring
the cause to trial, or evinced any desire so to do, and
that no action had been taken in the cause except that,
in 1882, the presiding judge of the superior court

assigned it to Department No. 7 of said court. The affidavit further shows that a large number of the defendants (of whom there were say two hundred) died, etc.

On behalf of plaintiff it was shown by affidavits that the cause was, prior to 1889, several times set for trial, and on each occasion was continued by consent of Mr. Sharp, attorney for defendants, and, as plaintiff believed, there was an understanding between said Sharp and plaintiff's attorney that it should be set for trial only when it was mutually convenient for them, and that no time came when it was convenient for Mr. Sharp to try the action. The firm of Sharp and Lloyd were attorneys of record for defendants. Sharp died in May, 1878.

It further appears that in 1889 plaintiff gave to the firm of Lloyd and Wood, attorneys, notice that he would apply to have the cause set for trial, and that thereupon Lloyd appeared in court; declared that he knew nothing of the case; that Sharp had really been the attorney therein for defendants, and asked for time to notify the defendants, that they might engage counsel, etc., whereupon it was postponed, and defendants notified, who procured counsel, and moved to dismiss before the motion was finally disposed of.

Two propositions are well settled by the previous rulings of this court:

1. That the superior court had power to dismiss an action therein pending for want of prosecution. (*Kubli* v. *Hawkett*, 89 Cal. 642; *Pardy* v. *Montgomery*, 77 Cal. 326; *Saville* v. *Frisbie*, 70 Cal. 87; *Kornahrens* v. *His Creditors*, 64 Cal. 492; *Lander* v. *Fleming*, 47 Cal. 614; *Simmons* v. *Keller*, 50 Cal. 38; *Chipman* v. *Hibberd*, 47 Cal. 638; *Grigsby* v. *Napa County*, 36 Cal. 585; 95 Am. Dec. 213.)

2. That the superior court, having the power to dismiss, in its discretion, an action for the want of prosecution, this court, on appeal, will not go beyond the inquiry whether or not such discretion has been abused.

(*Kornahrens* v. *His Creditors*, 64 Cal. 492; *Grigsby* v. *Napa County*, 36 Cal. 585; 95 Am. Dec. 213.)

In the present case we find no sufficient showing of an abuse of discretion to warrant a reversal.

Concede what is evidently true, that a case should not be dismissed on motion of a defendant who has requested the postponement (*Cowell* v. *Stuart,* 69 Cal. 525), and that the delay for many years to bring the cause to trial was by consent, or at the request of, Sharp, the attorney of defendants, and it is hard to perceive how the case is materially altered. Sharp died in 1878, and thereafter, for eleven years, plaintiff remained quiescent. Again, when in 1889 defendants moved for a dismissal, and for two years permitted their motion to stand over without bringing it to a hearing, plaintiff seems to have taken no action toward procuring a trial.

Under such circumstances the court below was right in dismissing the action. The power of the court to dismiss an action under section 581 of the Code of Civil Procedure, or independent of that section, has been too often exercised and upheld by this court to leave the question an open one.

The judgment appealed from should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.