[Sac. No. 427. Department One.—October 12, 1899.]

THE PEOPLE ex rel. C. E. STONE, Appellant, v. WILLIAM M. JEFFERDS et al., Claiming to be Directors of Brown's Valley Irrigation District, and said District, Respondents.

DISMISSAL OF ACTION—WANT OF PROSECUTION—POWER OF SUPERIOR COURT—CODE PROVISIONS—MAXIM.—The superior court has power to dismiss an action for want of prosecution independently of the provisions of section 581 of the Code of Civil Procedure; and the application of the maxim, *Expressio unius exclusio alterius est*, to the terms of that section, cannot be invoked against the existence of such independent power.

ID.—DISMISSAL OF QUO WARRANTO—ACTION IN NAME OF PEOPLE BY RELATOR—IRRIGATION DISTRICT.—An action of *quo warranto* brought in the name of the people, upon the relation of a private person, to have it determined that an irrigation district made defendant has no legal existence, and that its pretended officers also made defendants are acting without authority of law, is subject to the same rules of law applicable to other litigants, and may be dismissed for want of prosecution, upon motion of the defendants.

ID.—LACHES—NEGLECT OF IRRIGATION DISTRICT AND PERSONS INTERESTED. An irrigation district, though a quasi public corporation, does not represent the interests of the people of the state, and is not clothed with sovereign power; and laches is imputable thereto, and to the relator and others interested therein, on whose behalf the action is brought for the usurpation of a franchise by the irrigation district and its officers.

ID.—DISMISSAL NOT CONCLUSIVE—CONTINUED USURPATION OF FRANCHISE. The dismissal of an action of *quo warranto* for want of prosecution is not a bar to another action of the same kind against the same defendants. The continued exercise of a franchise without right is a continuously renewed usurpation thereof, on which a new cause of action arises each day.

ID.—DISCRETION—REVIEW UPON APPEAL.—The discretion of the court in dismissing an action for want of prosecution will not be interfered with upon appeal, where no abuse of discretion appears.

APPEAL from an order of the Superior Court of Yuba County dismissing an action for want of prosecution. John C. Gray, Judge, presiding.

The facts are stated in the opinion.

Tirey L. Ford, Attorney General, C. W. Cross, and W. G. Murphy, for Appellant.

Forbes & Dunsmore, W. H. Catlin, and M. E. Sanborn, for Respondents.

CHIPMAN, C.—Motion to dismiss the action for want of prosecution. The suit was brought in the county of Yuba to have the Brown's Valley Irrigation District declared to have no legal existence. The original complaint was filed January 3, 1891, and was signed by Attorney General Johnson. The defendants, except the defendant corporation, filed demurrers January 16, 1891, which were amended March 28, 1891, and, as amended, were, on June 16, 1891, sustained on the ground that said defendant corporation should be made a party to the action. On September 2, 1892, plaintiff filed an amended complaint, signed by Attorney General Hart, to which all the defendants, including the defendant corporation, demurred on September 23, 1892. Nothing further was done in the case, so far as the court minutes show, until December 7, 1896, when W. G. Murphy, Esq., of counsel for plaintiff, served upon defendants a notice that plaintiff would move the court, on December 26, 1896, at 2 o'clock ·P. M., "to have a day set for the hearing of the demurrers of defendants to the plaintiff's amended complaint." The minutes of the court show that on December 26, 1896, said motion last above set forth "was, on motion, continued until called up," but upon whose motion does not appear by the minutes. On March 30, 1897, a notice of motion, and an affidavit in support thereof, to dismiss said action for want of prosecution, were served and filed by defendants' then attorneys. This motion came on to be heard April 9, 1897, all parties being represented by counsel, whereupon the attorneys for plaintiff objected to the consideration of the motion on the ground that plaintiff's motion to have a day set for hearing the demurrers should be first heard and determined, which objection was overruled. Plaintiff's attorneys thereupon moved that the demurrers be taken up and heard or a day fixed to hear the same. The court sustained defendants' objection to an immediate hearing of the demurrer, and reserved its ruling as to the other branch of the motion until after it had determined the motion to dis-

miss the action. Affidavits on behalf of plaintiff and counter-affidavits on behalf of defendants were then presented, the motion to dismiss was heard, and on April 13, 1897, was granted. The appeal is from the order dismissing the case.

Appellants make the following objections: 1. That the court had no authority to dismiss the action; 2. That laches are not imputable to the state; 3. The case cannot be dismissed/unless it be shown that those in whose behalf the action is prosecuted have themselves been negligent; and 4. That the court abused its discretion.

1. It is contended that section 581 of the Code of Civil Procedure provides the only authority for the court to dismiss an action, and that this case does not fall within the terms or meaning of that section, and therefore the order was unauthorized. That section prescribes the circumstances under which an action may be dismissed. The subdivisions applicable, if any, are as follows: "3. By the court, when the plaintiff fails to appear at the trial and the defendant appears and asks for a dismissal; 4. By the court, when, upon the trial and before the final submission of the case, the plaintiff abandons it." The contention is, that under these provisions the plaintiff must either fail to appear at the "trial," or he must abandon the case upon the "trial" and before the final submission.

The learned attorney general and his associate in the brief of appellant say: "In support of this point we are compelled to attack a number of decisions of this court, which we respectfully submit were inadvertently made." *Grigsby v. Napa County,* 36 Cal. 585, 95 Am. Dec. 213, and *Chipman v. Hibberd,* 47 Cal. 638, are given as examples. It is suggested that these decisions do not refer to any statute authority, and that they must have been decided upon the theory "that the plaintiff had practically abandoned his cause of action." It is further suggested that "the later cases simply follow the earlier cases without going into the reason upon which the earlier cases were based." Counsel then proceed to argue that the code has laid down the only grounds for dismissal and the circumstances under which alone the court can exercise the power, invoking the maxim, *Expressio unius exclusio alterius est.* In a nutshell, the contention is that the plaintiff "must either fail to appear at the 'trial,' or he must

abandon the case upon the 'trial' and before its final submission." It is hence argued that as the case never came to trial the plaintiff did not "fail to appear on the trial," nor did he "upon the trial and before the final submission of the case abandon it," and therefore there was no authority to dismiss the case. We have re-examined the cases in view of this challenge of their correctness.

In *Hassey v. South S. F. Homestead etc. Assn.*, 102 Cal. 611, it was said: "The power of the court to dismiss an action under section 581 of the Code of Civil Procedure, or independently of that section, has been too often exercised and upheld by this court to leave the question an open one." (See, also, *McLaughlin v. Clausen*, 116 Cal. 487; *First Nat. Bank v. Nason*, 115 Cal. 626.)

Section 148, subdivisions 3 and 4, of the practice act read as do the same subdivisions of section 581 of the Code of Civil Procedure, and section 149 of the practice act provided as does section 582 of the Code of Civil Procedure, to wit: "In every case, other than those mentioned in the last section, the judgment shall be rendered on the merits." It was said in *Grigsby v. Napa County, supra,* that, on an appeal from an order dismissing the action for want of prosecution, "it has not been the practice of this court to interfere except where the district court has abused the discretion which it necessarily exercises in this class of cases; and in invoking the aid of this court it is incumbent on the appellant to establish affirmatively that there has been such abuse of discretion. Until the contrary appears, the presumption is the discretion of the district court was rightfully exercised."

In *Dupuy v. Shear,* 29 Cal. 238, upon motion the complaint was stricken from the files for want of prosecution. The court said: "We do not think such a case is provided for in sections 148 and 149 of the practice act; but the court, having got possession of the case by the commencement of the suit, must have some power to dispose of it when the plaintiff declines or neglects to proceed." Here was an express recognition of the power to dismiss notwithstanding the statutory provisions. (See, also, *Carpentier v. Minturn,* 39 Cal. 450, where sections 148 and 149 of the practice act were cited in the briefs.)

In *Pardy v. Montgomery*, 77 Cal. 326, it was decided that "the court had power to dismiss the action for want of prosecution (see Code Civ. Proc., sec. 581), and, there being no showing to the contrary, we must presume that the court below exercised its power properly and within the rules prescribed by law." The circumstances were not shown in the report of the case and possibly it is not in point.

*Saville v. Frisbie*, 70 Cal. 87, was a case where the power was exercised, but no reference was made to the code section in the opinion. And so in *Kornahrens v. His Creditors*, 64 Cal. 492. In *Simmons v. Keller*, 50 Cal. 38, the cause was at issue of fact by answer filed December 21, 1870. In March, 1873, defendant gave notice of a motion to dismiss the action for want of prosecution. Plaintiff resisted the motion on a showing that the defendant had pleaded the statute of limitations, and that there was another case pending in the supreme court in which the statute was pleaded, and which was like the case at bar; and that plaintiff had desired to wait until such case was decided in order to know whether the statute was a valid defense, a situation similar to that found in this case. In plaintiff's brief sections 581 and 582 of the Code of Civil Procedure were cited and the point was made, as it is now made, that the maxim *expressio unius*, et cetera, applies. The court said: "A similar question was presented in *Chipman v. Hibberd, supra*, where we affirmed the order of the district court dismissing a pending action for the failure of the plaintiff to prosecute within a reasonable time. We think there was no abuse of the discretion of the court in this case." (See, also, *Kubli v. Hawkett*, 89 Cal. 638.)

Conceding that appellant's reading of section 581 is correct, it does not follow that the power to dismiss an action for lack of prosecution does not reside in the court except upon a showing in conformity with the provisions of that section. It was pointed out in *People v. Latham*, 53 Cal. 386, that the power to dismiss an action was first exercised by equity courts. For a long period, however, courts of law have exercised the authority as part of their inherent powers; and the same rules now apply to a dismissal at law or equity under code procedure. (6 Am. & Eng. Ency. of Pl. & Pr., 910, and cases cited.)

The cases are numerous where this court has been called upon to decide as to the correctness of orders made upon motions to dismiss for failure to prosecute.  I do not find any case where the power was distinctly referred to the subdivisions 3 or 4 of section 581, or to the same provisions in the practice act. *Dupuy v. Shear, supra,* however, is direct authority for dismissing an action where the plaintiff has neglected to proceed and where he had not failed to appear at any trial (subdivision 3); and where he had not at any trial, before final submission of the case, abandoned it (subdivision 4).   As late as *Hassey v. Homestead etc. Assn., supra,* this court said that the power existed "independent of that section."   We are unwilling to believe that the rule was founded in error and that its frequent reaffirmance has been by inadvertence.   The court has, rightly we think, refused to regard the code provisions as the sole source of the power to dismiss for failure to prosecute the action.

2.   It is urged that Brown's Valley Irrigation District is a quasi public corporation, and, representing as it does the interests of the people of the state, that laches cannot be imputed to the corporation.   We are cited to *Budd v. Holden,* 28 Cal. 124, where in an action to try the right to an office it was suggested as doubtful (but not decided) whether counsel for the relator could bind the state by a stipulation.   Also to *Weber v. Board of Harbor Commrs.,* 18 Wall. 57-71, where the presumption arising under the statute of limitations as applicable to the state was held not to arise in the case of the wharves and other rights of the state in the harbor of San Francisco which the legislature had directed the board of state harbor commissioners to take into their possession.

It is a rule that statutes are construed as not including the sovereign except the construction is compelled by express terms or by necessary implication; as, for example, statutes of limitations; but it was held in *Estate of Royer,* 123 Cal. 614, that the University of California, though a public corporation and a state instrumentality, is not clothed with the sovereignty of the state, but is included in the statute (Civ. Code, sec. 1313), which limits the amount of any bequest in its nature charitable.   We do not think an irrigation district, formed under the statutes of the state, is clothed with the sovereignty of the state or is the sovereign.

If appellant's contention be sound, we can see no way by which an action brought in the name of the people could ever be brought to trial unless the plaintiff was disposed to allow it to be done. There is no reason why, in a case like this, the plaintiff should have immunity from the operation of rules of practice and rules of law applicable to other litigants. No permanent injury can come to the state by the dismissal, for if the defendant corporation is illegally exercising a franchise, the order is not a bar to another action. The continued exercise of a franchise without right is a continuously renewed usurpation on which a new cause of action arises each day. (*People v. Stanford*, 77 Cal. 360.) The state was in this case also protected against costs by an undertaking.

3. Appellant's point, that those in whose behalf the action was brought must be shown to have themselves been negligent, rests upon the reasons advanced in support of the point just considered and need not be further noticed.

4. Appellant suggests that there was an abuse of discretion, but the point is not argued nor insisted upon. Reliance seems to have been placed wholly upon the objections already considered; we will, therefore, not undertake to present the evidence upon which the court acted. In the judgment the learned judge who heard the motion has stated quite fully the facts and the reasons impelling his decision. We are not shown wherein these facts were not supported by the evidence, nor can we say that his conclusions indicate an abuse of the discretion with which he was clothed.

I advise that the order be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            Harrison, J., Van Dyke, J., Garoutte, J.