[L. A. No. 635.    Department One.—July 19, 1900.]

SAN JOSE LAND & WATER COMPANY et al., Appellants,
v. LYMAN ALLEN et al., Respondents.

DISMISSAL OF ACTION—WANT OF PROSECUTION—DISCRETION.—Where an
action to set aside a judgment and to obtain a new trial was
commenced in 1890, and a demurrer was sustained to the com-
plaint in 1894, and no proceeding was had thereafter by the
plaintiff until 1897, when an amended complaint was filed, the
court had discretion to dismiss it for want of prosecution.

ID.—ABSENCE OF NOTICE OF ORDER SUSTAINING DEMURRER—DUTY OF
PLAINTIFF.—The absence of notice given by the defendant to the
plaintiff of the order sustaining the demurrer to the complaint
and granting leave to amend, and the effect of such absence
upon the running of the time in which to amend, under section
476 of the Code of Civil Procedure, cannot affect the right of the
defendant to move for a dismissal for plaintiff's failure to prose-
cute the case or excuse plaintiff's laches. It was the duty of
the plaintiff to see that the demurrer was determined, so that
the action could go forward.

ID.—ORDER GRANTING LEAVE TO AMEND—ESTOPPEL—RIGHTS OF DEFEND-
ANTS.—The court was not precluded from exercising its discretion
on the motion of defendants to dismiss the case for want of
prosecution, because it had shortly before given plaintiff leave
to amend. The rights of the defendants could not be cut off
by such leave alone.

APPEAL from a judgment of the Superior Court of Los
Angeles County.    W. H. Clark, Judge.

The facts are stated in the opinion.

Anderson, Fitzgerald & Anderson, Anderson & Anderson, and
R. Dunnigan, for Appellants.

J. S. Chapman, for Respondents.

CHIPMAN, C.—Motion to dismiss the action and judgment
of dismissal thereon, from which plaintiffs appeal. The com-
plaint was filed August 29, 1890, the object of the action be-
ing to have the judgment referred to in the complaint set aside
and to have the court grant the water company, plaintiff herein,
a new trial. On April 2, 1891, defendants appeared by general

demurrer. The hearing of the demurrer was continued from time to time and was finally argued and submitted, and on January 3, 1894, the court made an order sustaining the demurrer and the order was entered in the minutes of the court. An entry of said order was also made on the register of actions in said cause on the same day as follows: "Jan. 3, demurrer sustained." A rule of court allowed ten days to amend pleadings demurred to after ruling thereon unless otherwise ordered by the court. On June 19, 1897, as appears from an affidavit of plaintiffs' attorney, leave was granted by the court to file an amendment to the complaint, which was filed June 21, 1897, and on June 29, 1897, defendants gave notice of a motion to dismiss said action and for time in which to plead to the amended complaint, after the motion should be ruled upon, which latter part of said motion was granted July 1, 1897. The motion was heard on the affidavit of J. S. Chapman, an attorney for defendants, and on the affidavits of two of plaintiffs' attorneys, and on the papers and records referred to in the affidavit of Mr. Chapman. The motion was argued and submitted on November 29, 1897, and taken under advisement, and having fully considered the matter, "the court did on the twenty-sixth day of February, 1898, duly make and enter and file its judgment dismissing said action upon the said motion of the defendants therein," neither of plaintiffs nor their attorneys being present at the time. The grounds of the motion were: Want of prosecution; that no proceeding had been taken by plaintiffs for more than three years; that the real attorney of the parties defendants is dead; that the firm of Chapman & Hendrick, the nominal attorneys of record, was dissolved more than two years prior to making the motion, and that the interest of both plaintiffs and defendants in the original subject of the action has been transferred to other parties. It appears from the affidavit of attorney Chapman that the facts support the grounds of the motion above stated. Richard Dunnigan, one of plaintiffs' attorneys, averred in an affidavit that this action is one of several actions similar in character that have been pending for several years, and that Mr. Chapman has been the attorney in said actions ever since their commencement; that no notice of the ruling on plaintiffs' demurrer was ever served on affiant or any

other attorney in the case, and affiant had no knowledge of the ruling until June 8, 1897, when he was served with a copy of a complaint brought by the San Dimas Land and Water Company against the plaintiffs in this action; he then caused the records to be searched, and found that the said demurrer had been sustained; that he at once took steps to obtain leave of court to amend said complaint, which leave, it is averred, was granted June , 1897, and the amendment was filed June 21, 1897; avers that it was plaintiffs' intention to prosecute the present suit diligently; and that it is plaintiffs' intention, should it lose in the trial of the cause in that (the lower) court, to appeal the cause to the supreme court; avers that plaintiffs have always been ready and willing to prosecute the case to final decision; that in selling and transferring its interest in the property plaintiffs supposed that it would be able to establish its right referred to in the litigation herein, and avers that it is the interest of plaintiffs to establish said right, and believes that at the trial plaintiffs will establish said rights; that if affiant had been given notice that said demurrer was sustained he would have proceeded at once on behalf of plaintiffs herein to obtain leave to amend the complaint and prosecute said action. Plaintiffs' attorney, J. A. Anderson, makes affidavit that the statements made in the affidavit of attorney Dunnigan are true, except that he, Anderson, "may have heard of the overruling [means, no doubt, sustaining] of said demurrer a short time before June 8, 1897."

So far as we can discover, the principal reason offered for not proceeding with the case, after the demurrer was argued and submitted, is that plaintiffs had no notice that the demurrer had been sustained until June 8, 1897. The order was made January 3, 1894, nearly three years and a half before plaintiffs made any movement toward proceeding with the case, and was entered in the minutes of the court and in the register of actions. The demurrer was filed in 1891 and was not passed upon until in 1894, but hearing thereof had been continued from time to time, at whose motion does not appear. Plaintiffs' attorney states that had he known of the ruling he would have amended his complaint, thus conceding its insufficiency and that for over six years the case stood without a good complaint. It was held here to be the duty of the plaintiff upon the defendant's inter-

posing a demurrer to see that the demurrer was determined so that the action could go forward. (*Kubli v. Hawkett*, 89 Cal. 638.) The pendency of a suit in this court involving a question similar to a question involved in an action pending in a trial court offers no excuse for delay in prosecuting such case in the trial court to await the decision of the question in this court. (*Simmons v. Keller*, 50 Cal. 38.) The rule is well established that the exercise of the power to dismiss an action for want of prosecution must necessarily rest in the discretion of the *nisi prius* court. (*National Bank v. Nason*, 115 Cal. 626.) The power of the court to dismiss under sections 581 and 582 of the Code of Civil Procedure has often been held to give the court a general discretion, although the ground of dismissal be not mentioned in those sections. (*People v. Jefferds*, 126 Cal. 296.)

We do not think the court was precluded from exercising its discretion on the motion to dismiss because it had shortly before the motion was made given plaintiffs leave to amend; the rights of defendants could not be cut off by such leave alone. We assume that the leave was given although the record shows no minute of the court to that effect, the fact appearing in the affidavit of plaintiffs' attorney. Appellant cites section 476 of the Code of Civil Procedure, which provides that when a demurrer is sustained or overruled, and time given to amend or answer, "the time given runs from the service of notice of the decision or order." This section relates only to the right to amend or answer, but does not affect the right to move for a dismissal. The question must be decided on the facts relating to plaintiffs' failure to prosecute the case with due diligence, and in view of the facts as disclosed we cannot say the court abused its discretion. Respondent argues with some reason that the amendment of the complaint does not materially strengthen plaintiffs' case, and therefore the judgment did not injure plaintiffs. We do not think it necessary to examine that phase of the matter.

We advise that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.