[L. A. No. 3243. In Bank.—February 6, 1914.]

## NATIVIDAD ROMERO, Appellant, v. FERDINAND SNYDER et al., Respondents.

PRACTICE—DISMISSAL OF ACTION—FAILURE TO PROSECUTE—INHERENT POWER OF COURT.—The superior court, without the aid of statutory authority, has power, as a court of general jurisdiction, to dismiss an action because of the failure of the plaintiff to prosecute it with reasonable diligence.

ID.—LIMITATION ON POWER WHERE ANSWER HAS BEEN FILED.—Section 583 of the Code of Civil Procedure, enacted in 1905, deprives the superior court of power to dismiss an action for neglect of the plaintiff to prosecute the same, in cases where an answer has been filed, unless the plaintiff fails to bring the action to trial within two years after the filing of the answer.

ID.—CONSTRUCTION OF SECTION 583 OF CODE OF CIVIL PROCEDURE.—That section evinces an attempt to cover the entire subject of dismissals for failure to bring an action to trial after answer filed, and to fix (1) a minimum period of two years within which mere delay is not to be deemed sufficient cause; (2), an immediately ensuing interval of three years, during which the court, in its discretion, may adjudge it sufficient; and, (3), a maximum period of five years, upon

the expiration of which, the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory.

ID.—DETERMINATION OF MOTION—CONDITION EXISTING AT TIME OF MOTION.—The situation existing at the time a motion to dismiss for want of diligence in prosecution was noticed is that which controls its determination.

ID.—DISCRETIONARY POWER OF COURT WHERE NO ANSWER HAS BEEN FILED—DEMURRER NOT EQUIVALENT TO ANSWER.—Section 583 of the Code of Civil Procedure applies only to the particular instance of delay in bringing the case to trial after answer filed. Where an answer has not been filed, the court's power to dismiss an action for want of prosecution remains, as it was before, limited only by a sound discretion. For the purposes of that section, the filing of a demurrer does not have the same effect as an answer.

ID.—UNEXPLAINED DELAY FOR ALMOST TWO YEARS—DISCRETION NOT ABUSED.—It is held that it was not an abuse of discretion for the court to dismiss the present action as against defendants who had not filed an answer, where there was an entirely unexplained and inexcusable delay for nearly two years in prosecuting the action at the time the motions to dismiss were noticed.

ID.—NEGLECT OF ATTORNEYS ATTRIBUTABLE TO CLIENT.—If the delay in prosecuting an action is due to the neglect of the attorneys of the plaintiff, such neglect is imputable to the plaintiff as her own neglect.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

C. A. Stice, for Appellant.

Wellborn & Wellborn, for Respondent Metropolitan Contracting Company.

Seward A. Simons, for Respondent C. Leonardt.

Leonard B. Slosson, for Respondent Ferdinand Snyder.

SHAW, J.—The plaintiff appeals from a judgment dismissing her action because of her failure to prosecute the same with due diligence.

It is settled by numerous decisions in this state that the superior court, without the aid of statutory authority, has

power to dismiss an action because of the failure of the plaintiff to prosecute it with reasonable diligence. The doctrine is based upon the theory that courts of general jurisdiction possess this power. The most elaborate discussion of the question is in *People* v. *Jefferds*, 126 Cal. 296, [58 Pac. 704]. That case has been approved on this point in *Witter* v. *Phelps*, 163 Cal. 655, [126 Pac. 593]; *San Jose, etc. Co.* v. *Allen*, 129 Cal. 250, [61 Pac. 1083]; *Martin* v. *San Francisco*, 131 Cal. 576, [63 Pac. 913]; *Mowry* v. *Weisenborn*, 137 Cal. 113, [69 Pac. 971]; *Ferris* v. *Wood*, 144 Cal. 428, [77 Pac. 1037]; *Marks* v. *Keenan*, 148 Cal. 161, [82 Pac. 772], and *Gray* v. *Times-Mirror Co.*, 11 Cal. App. 160, [104 Pac. 481]. The same doctrine had been declared in many previous decisions. (*Grigsby* v. *Napa Co.*, 36 Cal. 585, [95 Am. Dec. 213]; *Simmons* v. *Keller*, 50 Cal. 38; *Cowell* v. *Stuart*, 69 Cal. 525, [11 Pac. 57]; *Kubli* v. *Hawkett*, 89 Cal. 642, [27 Pac. 57]; *Kreiss* v. *Hotaling*, 99 Cal. 384, [33 Pac. 1125]; *Hassey* v. *Homestead Assoc.*, 102 Cal. 614, [36 Pac. 945]; *First Bank* v. *Nason*, 115 Cal. 628, [47 Pac. 595]; *McLaughlin* v. *Clausen*, 116 Cal. 489, [48 Pac. 487]; *Stanley* v. *Gillen*, 119 Cal. 178, [51 Pac. 183].)

The appellant claims that section 583 of the Code of Civil Procedure, a new section added thereto in 1905, deprives the court of power to dismisss an action for neglect of the plaintiff to prosecute the same, in cases where an answer has been filed, unless the plaintiff fails to bring the action to trial within two years after the filing of the answer. Section 583 reads as follows:

"The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

The action was begun by the filing of a complaint on August 21, 1909, against Ferdinand Snyder, C. Leonardt, and

the Metropolitan Contracting Company, as defendants. On September 2, 1909, the Contracting Company filed a demurrer and answer to the complaint. Snyder filed a demurrer to the complaint on August 31, 1909, and Leonardt filed a similar demurrer on September 2, 1909. These demurrers were continued from time to time until October 4, 1909, and were then stricken from the court's calendar. Nothing further was done in the case by the plaintiff or either of the defendants until August 1, 1911. On that date plaintiff caused another attorney to be substituted for her former attorney in the case. On August 7, 1911, the new attorney filed an amended complaint. On August 14, 1911, each defendant filed a demurrer to this amended complaint. Leonardt and the Contracting Company on August 15, 1911, each served notice that on August 21, 1911, they would, respectively, move to dismiss the action for want of diligent prosecution. These motions were continued, first to August 28th and then to October 16th. In the mean time, on September 6, Snyder served a similar notice to be heard on October 16th. On October 30th plaintiff substituted another attorney. The motions to dismiss were argued and submitted on December 4, 1911. It will be observed that at the time the proceedings upon the motions to dismiss were instituted, two years had not elapsed from the time the answer and demurrers to the original complaint were filed.

We think the language of section 583 supports the theory of the plaintiff that *in cases where an answer has been filed* the court should not dismiss the action for want of prosecution unless the plaintiff has delayed for two years thereafter to bring the action on to trial. The declaration that the court, in its discretion, may dismiss the case because of such inaction for two years, implies that inaction of that kind for a shorter period will not suffice. Much more is this apparent when we consider the entire section. It declares that after two years of such inaction, a dismissal is discretionary, but that when it is continued for five years the action "shall be dismissed." This evinces an intent to cover the entire subject of dismissals for failure to bring an action to trial *after answer filed,* and to fix: 1. A minimum period within which mere delay is not to be deemed sufficient cause; 2. An immediately ensuing interval of three years, during which

the court, in its discretion, may adjudge it sufficient, and, 3. A maximum period of five years, upon the expiration of which, the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory. We do not put this upon the ground that it is a restriction upon the power of the court, but upon the ground that it is a legislative determination of the fact that a delay for two years, or less, in bringing the action to trial after answer, is not to be regarded as unreasonable. This we believe is the true meaning and effect of the section.

It is true that in several of the decisions above cited, it is held that the provision of subdivision 7 of section 681, now separately sectionized as 681a, to the effect that an action must be dismissed if the summons is not issued, served, and a return made thereon within three years after its commencement, does not divest the court of discretionary power to dismiss an action for failure to serve the summons or to prosecute the action diligently, although the time is less than three years after the action is begun. (*Witter* v. *Phelps,* 163 Cal. 655, [126 Pac. 593] ; *People* v. *Jefferds,* 126 Cal. 596, [58 Pac. 704] ; *San Jose etc. W. Co.* v. *Allen,* 129 Cal. 250 [61 Pac. 1083] ; *Marks* v. *Keenan,* 148 Cal. 161, [82 Pac. 772] ; *Stanley* v. *Gillen,* 119 Cal. 178, [51 Pac. 183] ; *Kreiss* v. *Hotaling,* 99 Cal. 384, [33 Pac. 1125].) These decisions declare that the provision in question merely fixes a limit beyond which the court's discretion ceases and a dismissal becomes mandatory upon motion of the opposite party, and further that it gives the court the additional power to dismiss an action in such a case of its own motion. No minimum time is specified in that section, or anything to indicate that a period of delay less than that which makes a dismissal mandatory would be sufficient, if the court, in its sound discretion, thinks otherwise. There is no apparent purpose therein to regulate the exercise of the court's power, except to make it imperative that in the specified contingency the action shall be dismissed. Short of the mandatory period, the court's power to dismiss was left unaffected. Those decisions are inapplicable to the language of section 583.

The situation existing at the time the motion was noticed is that which controls its determination. The result is that the dismissal of the action as to the Metropolitan Contracting Com-

pany was premature, since at that time there had been no
delay of two years after the answer of that defendant was
filed. It is proper to say that in the court below the fact
that this answer had been filed was apparently not brought
to the notice of the court and the case was decided upon the
theory that there had been no answer filed by either defend-
ant.

The other defendants had not filed an answer. Section 583
applies only to the particular instance of delay in bringing
the case to trial after answer filed. The court, as we have
seen, has general discretionary power, without the aid of
legislation, to dismiss an action for want of prosecution.
This power remains in full force, affected only by the implied
legislative determination of section 583 that two years' delay
is not unreasonable in cases where an answer has been filed.
Where an answer has not been filed, the court's power re-
mains, as it was before, limited only by a sound discretion.
There is no force in the argument of plaintiff that for the
purposes of this section a demurrer is deemed to have the
same effect as an answer. We must suppose that the legisla-
ture meant exactly what the words express. The remain-
ing question for consideration, therefore, is whether or not
the court abused its discretion in making the order dismiss-
ing the case as to the defendants Snyder and Leonardt.

We do not think it can be said that there was an abuse of
discretion. As above shown, there was an unnecessary, or, at
all events, an entirely unexplained and inexcusable, delay for
nearly two years in prosecuting the action, at the time the
motions to dismiss were noticed. Three different attorneys
were consecutively engaged by the plaintiff to conduct her
case. It also appears that another attorney was at one time
consulted by her, and after investigation, refused to take
charge of the case, that the cause of substitution, in each in-
stance, was the refusal of the attorney to go on with the case
and that there was an apparent dislike or distrust of the case,
or of the plaintiff, on their part. It is true that she spoke
no language except Spanish and that with the attorneys first
engaged her consultations were through an interpreter. But
the other attorney who was consulted, and who refused to
take the case, and the attorney who filed the amended com-
plaint on August 11th *were* able to speak Spanish. It is not

shown that she had any difficulty in making any of her attorneys understand her case. The court may have well believed that the delay was without reasonable excuse. The neglect of her attorneys, if the delay was due to them, is imputable to her as her own neglect. (*Smith* v. *Tunstead,* 56 Cal. 157; *Nicol* v. *San Francisco,* 130 Cal. 288, [62 Pac. 513].)

The judgment is affirmed as to the defendants Snyder and Leonardt and reversed as to the defendant Metropolitan Contracting Company.

Sloss, J., Lorigan, J., Melvin, J., Henshaw, J., and Angellotti, J., concurred.