[Civ. No. 2566. Third Appellate District.—February 27, 1923.]

In the Matter of the Estate of HARRIET A. GURNSEY, Deceased. JOHN H. GURNSEY, Appellant, v. MARY J. WILTSEY et al., Respondents.

[1] Estates of Deceased Persons — Dismissal of Will Contest — Refusal to Strike Out Cost Bill — Appeal from Order — Judgment not Attackable.—Where no appeal is taken from a judgment dismissing a will contest at contestant's costs, the judgment cannot be successfully assailed upon an appeal from an order refusing to strike out the cost bill.

[2] Id.—Dismissal of Will Contest—Jurisdiction.—By virtue of the provisions of sections 1312 and 1313 of the Code of Civil Procedure, relating to contests of wills, the trial court is vested with the general authority that belongs to courts of record in matters of procedure, and has inherent power to dismiss a will contest at contestant's costs.

[3] Judgment — When Party not Aggrieved. — A party is not aggrieved by a consent judgment or one which he has requested the court to decree.

APPEAL from an order of the Superior Court of Tehama County refusing to strike out a cost bill. J. F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

James T. Matlock for Appellant.

W. P. Johnson and McCoy & Gans for Respondents.

BURNETT, J.—By filing in the office of the county clerk of Tehama County written grounds of opposition to the probate thereof, John H. Gurnsey, on February 27, 1922, initiated a contest of the will of Harriet A. Gurnsey, deceased. On March 8th following, respondents filed an answer to said written opposition. On April 3d the contest was set for trial on May 31, 1922, contestant then demanding a jury. The cause came on regularly for trial on said May 31st and respondents announced themselves ready to proceed. Contestant, however, asked permission to file an amended contest, but this was denied by the court. Whereupon contest-

ant moved for a dismissal of the action, and judgment of dismissal and for costs was rendered as follows:

"John H. Gurnsey having on the 27th day of February, 1922, filed in writing his contest of the Will of Harriet A. Gurnsey, deceased, and Phoebe E. Mills, Juliette Sykes and Mary J. Wiltsey, named in said Will as legatees and devisees having filed their answer to said contest, and the said contest having been set for trial for May 31, 1922, at 10 o'clock A. M. of said day, and said matter coming on for trial at said time, McCoy & Gans and W. P. Johnson, attorneys for Phoebe E. Mills, Juliette Sykes and Mary J. Wiltsey, announced that they were ready for the trial and James T. Matlock, attorney for the contestant, asked the court for leave to file an amended contest to said Will, which request the Court denied whereupon contestant by his said attorney asked the court to dismiss the contest *at contestant's costs.*

"Wherefore, it is ordered, adjudged and decreed that the said contest by John H. Gurnsey of the probate of the Will of Harriet A. Gurnsey, deceased be and the same is, dismissed, and it is ordered, adjudged and decreed, that Phoebe E. Mills, Juliette Sykes and Mary J. Wiltsey recover from said John H. Gurnsey their costs in the matter of the contest of the said Will."

On June 2d, following, said respondents filed "memorandum of costs on Contest" of said will, the amount being $43.20. On June 6th contestant filed "notice of motion to retax costs" and also for an order "to strike out and eliminate the entire cost bill . . . upon the further ground and for the further reason that said cost bill was not prepared or served, or delivered or filed within the time required or allowed by law, or in accordance with law, or within any further time allowed by the court or adjudged thereof, or that said cost bill was prepared or served or delivered or filed before the entry of any judgment in said cause." It was recited in said notice that "said motion will be based upon the law in such cases made and provided, and upon the minutes and records of the court, and upon the papers in said cause, and upon testimony, to be produced on said hearing." Said motion was denied on June 26th and on July 19th contestant gave written notice of an appeal "from an order denying contestant's motion to retax and to strike

out the cost bill in said matter which said order was made and entered in the above-entitled matter on the 26th day of June, 1922, and from each and every part of said order.''

No evidence is brought up to show that any item in the cost bill is improper. There is nothing to indicate that the bill was not served and filed in the time required by law. Indeed, the record, if sufficiently authenticated to be considered for the purpose, shows that the proceedings culminating in the order denying said motion were entirely regular.

The attack, though, of appellant is really directed against the judgment of dismissal, which we have hereinbefore set out. His contention is that a contest to revoke the probate of a will is a special proceeding (*Estate of Joseph*, 118 Cal. 660 [50 Pac. 768]); that the dismissal of such contest cannot be had under section 581 of the Code of Civil Procedure, since that section relates exclusively to "actions," the remedies under our code being divided into two classes: "1. Actions; 2. Special Proceedings" (sec. 21, Code Civ. Proc.); that there can be no judgment for costs except as a part of and an incident to the judgment upon the issue in action, and "if the court loses power to render a judgment between the parties upon the issues before it, it is equally powerless to render a judgment for the costs incurred therein." (*Begbie* v. *Begbie*, 128 Cal. 154 [49 L. R. A. 141, 60 Pac. 667].)

He summarizes his position as follows: "We claim that the judgment so entered was had and done without any authority of law, for the reason that when there was a withdrawal of the contest, or a dismissal thereof, or a failure to proceed further on the part of contestant, the matter was ended, and the court lost power to render any judgment between the parties, and since costs are but an incident to a judgment it is therefore powerless to render a judgment for the costs incurred therein."

[1] There are several answers to this contention. The most obvious is that he has not appealed from said judgment and he is in no position to complain of it. This judgment cannot be successfully assailed upon an appeal from an order refusing to strike out a cost bill. That would be to permit a collateral attack upon a judgment which is not void upon its face.

But if we concede that said section 581 does not apply to the case it does not follow that the trial court was without authority to render the judgment in question. Section 1312, relating to contests of wills, provides for filing written grounds of opposition to the probate thereof and for a demurrer and answer to said opposition and prescribes that "on the trial, the contestant is plaintiff and the petitioner is defendant."

Section 1313 provides: "When a jury is demanded, the superior court must impanel a jury to try the case in the manner provided for impaneling trial juries in courts of record, and the trial must be conducted in accordance with the provisions of part two, title eight, chapter four, of this code. A trial by the court must be conducted as provided in part two, title eight, chapter five, of this code."

[2] By virtue of these provisions we think it cannot be questioned that the trial court became vested with the general authority that belongs to courts of record in matters of procedure. That it had inherent power to dismiss the action we entertain no doubt.

In *Dupuy* v. *Shear,* 29 Cal. 238, it was declared that "the court having got possession of the case by the commencement of the suit must have some power to dispose of it, when the plaintiff declines or neglects to proceed."

In *Hassey* v. *South S. F. Homestead etc. Assn.,* 102 Cal. 611 [36 Pac. 945], it was said: "The power of the court to dismiss an action under section 581 of the Code of Civil Procedure, *or independently of that section* has been too often exercised and upheld by this court to leave the question an open one."

In *People* v. *Jefferds,* 126 Cal. 296 [58 Pac. 704], we find this: "Conceding that appellant's reading of section 581 is correct, it does not follow that the power to dismiss an action for lack of prosecution does not reside in the court except upon a showing in conformity with the provisions of that section. It was pointed out in *People* v. *Latham,* 53 Cal. 386, that the power to dismiss an action was first exercised by equity courts. For a long period, however, courts of law have exercised the authority as part of their inherent powers; and the same rules now apply to a dismissal at law or equity under code procedure. (6 Am. & Eng. Ency. of Pl. & Pr. 910, and cases.)"

It is also pointed out in *Richards* v. *Bradley,* 129 Cal. 670 [62 Pac. 316], that the provisions of section 581 are not "exclusive or mandatory."

In *Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002], it is declared: "It is settled by numerous decisions in this state that the superior court without the aid of statutory authority has power to dismiss an action because of the failure of the plaintiff to prosecute it with reasonable diligence. The doctrine is based upon the theory that courts of general jurisdiction possess this power."

Assuredly, if the court possesses the power when the plaintiff fails to prosecute with reasonable diligence, there is greater reason for its existence and exercise when the plaintiff expressly abandons his cause and requests the court to dismiss the action.

[3] As to the judgment for costs, manifestly, the contestant is in no position to complain, since it was rendered at his instance. A party is not aggrieved by a consent judgment, or one which he has requested the court to decree.

We can conceive of nothing more to justify the court in entering judgment therein for proponents' costs and the order is affirmed.

Hart, J., and Finch, P. J., concurred.