## JAMES M. REYNOLDS *v.* DANIEL D. PAGE, HENRY D. BACON, FRANCIS W. PAGE, DAVID CHAMBERS, AND HENRY HAIGHT.

ISSUING OF SUMMONS WITHIN ONE YEAR. — A summons is not issued within one year after filing the complaint, within the meaning of the twenty-third section of the Practice Act, unless, within one year after filing the complaint, both a summons and a certified copy of the complaint, properly prepared and certified, are placed at the disposal of the party for service.

FAILURE TO ISSUE SUMMONS. — Unless the summons and a certified copy of the complaint, duly attested and in a condition to serve, are placed at the disposal of plaintiff for service, within one year from the filing of the complaint, the action should be dismissed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The Court below dismissed the action, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Julius George*, and *Ralph C. Harrison*, for Appellant.

The motion of the defendants is made, not upon the ground that they have not been properly served with the summons, and are not properly subject to the jurisdiction of the Court, nor on the ground that the action was not properly commenced, but upon the ground that, because the summons "was not placed in the hands of any person *for service* until about July 21st, 1866," *therefore,* "no summons was issued" within the meaning of the Practice Act," until that time.

It would be a sufficient answer to this to say, that there is no law requiring the summons to be served within any specific time after commencing the action, and, consequently, that there is no authority or reason that can be shown justifying the action of the Court in dismissing the action.

Further than this we say, that *after* a defendant has been properly served with summons, it is incompetent for him to object that he was not served sooner, or that no one was authorized to serve him any sooner, unless he can show some law requiring the service to be made prior to the time it was actually made.

So far as the interval between the issuing of the summons and its service upon the defendants is concerned, we submit that it is to be laid out of the question. Had the defendants, *before* any service on them, made the present motion, then it would have been in the discretion of the Court to grant it.

Section one hundred and forty-eight of the Practice Act specifies the conditions upon which "an action may be dismissed." These are (except when the plaintiff consents to the dismissal): "By the Court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal."  "By the Court, when, upon the trial and before the final submission of the case, the plaintiff abandons it."

All of them, it must be observed, are to be made "upon the trial." Here, it cannot be said that the plaintiff " has

38

failed to appear on the trial;" or that " he has abandoned the case." Here, no " issue " has yet been made and no opportunity for a " trial." (Practice Act, Secs. 151–157.)

Section one hundred and forty-nine provides that "in every case other than those mentioned in the last section, the judgment shall be rendered on the merits."

*H. H. Haight,* for Respondents.

Upon the first branch of the motion, to wit: to quash the summons, which was denied by the Court, defendant's counsel cited *Mills* v. *Corbett,* 8 How. Pr. 500.

That case holds that process is issued when it is made out and delivered to some one competent to serve it, with a *bona fide* intention to have it served. Now, it may very well be that the intention to serve it would be presumed where the original summons and copy, with a certified copy of the complaint, were placed in the hands of any person competent to make the service; but in this case there could not have been any *bona fide* intention to serve, because for nearly four years no certified copy of the complaint was applied for, and no legal service, therefore, was possible. It is a narrow construction of the term "issue," to apply it simply to the writing out the original summons and having it signed and sealed and taken from the office, without any accompanying papers, such as were indispensable to make a legal service.

The only question, however, on this appeal is, whether the Court below erred in dismissing the action for want of prosecution. In answer to appellant's objection, it would be sufficient to refer to the case of *Dupuy* v. *Shear,* 29 Cal. 242, which establishes the proposition that where a complaint is filed and the plaintiff neglects for some years to serve the process, the Court has the discretionary power to strike the complaint from the files. The whole reasoning of the opinion in *Dupuy* v. *Shear* is apposite to this case, and the authority is precisely in point.

The result of the kind of practice pursued by the plaintiff in *Dupuy* v. *Shear*, and also in this case, is to nullify entirely the whole object of a Statute of Limitations. The object of this enactment is to compel parties to come forward with their claims before witnesses die and evidence of payment is lost or destroyed.

By the Court, SAWYER, C. J.:

The complaint in this cause was filed on the 20th of August, 1862, and on the same day a summons duly signed and sealed, was delivered by the Clerk to plaintiff's attorney; but the summons was not placed in the hands of the officer, or any other party for service, and no copy of the complaint was prepared, certified, or delivered by the Clerk to the plaintiff, or his attorney before July, 1866, nearly four years afterwards. In May, 1866, upon affidavit filed, an order for publication of summons, as against the absent defendants, was obtained, and publication subsequently made. On the 21st of July, 1866, a certified copy of the complaint was obtained from the Clerk, and personally served with the summons in the case on the resident defendants, Haight and Bacon. The defendants moved to dismiss the action for want of prosecution, upon the ground that no summons was issued within the meaning of the Practice Act, and that no steps were taken to serve any process therein until four years after filing the complaint.

Section twenty-two of the Practice Act provides, that, actions "shall be commenced by the filing of a complaint with the Clerk of the Court in which the action is brought, and the issuing of a summons thereon." Section twenty-three provides, that, "at any time within one year after the filing of the same (the complaint) the plaintiff may have a summons issued;" and section twenty-eight provides, that "a copy of the complaint, certified by the Clerk, shall be served with the summons." Under this last provision, the service of a copy of the complaint, certified by the Clerk, is

held to be essential to a valid service. (*McMillan et ux.* v. *Reynolds,* 11 Cal. 373.) What is intended by the terms, "issuing a summons thereon," and, "may have a summons issued?" Does the statute simply mean, the delivery of the technical summons alone, duly signed and sealed, or does it mean, that the summons shall be issued with the accompanying certified copy of the complaint, which is absolutely necessary to enable the plaintiff to procure a valid service? It is evident to our minds that the latter is the true construction. To adhere strictly to the letter in this instance, and hold the delivery of a summons sufficient, would, truly, be, to stick in the bark. The issuing of the summons intended, is issuing it accompanied with everything necessary to enable the party, when he receives it, to make it available for the purpose of effecting a valid service. The issuing of a summons without a certified copy of the complaint would be a nugatory act, whereas something practical must have been intended. The summons cannot be said to be issued, within the meaning of the Act, till it is in a condition to serve. Before the amendment of 1860, the summons might be issued at any time after filing the complaint; but, by the amendment of that year, it could only be issued within a year. It was, doubtless, found that to permit the summons to be issued at any time, without limitation, enabled plaintiffs to indefinitely extend the Statute of Limitations. At all events, the amendment was adopted, and it was evidently the intention to require parties to proceed with their litigation within a reasonable time—to place themselves, at least, in a condition to effect a service of process. And we think the summons not issued, within the meaning of the Act, till all the papers essential to enable the plaintiff to make a valid personal service on the defendants, duly attested, are placed at his disposal. In this case, there was no summons issued within the meaning of the Act, and no attempt at service, till nearly four years after the filing of the complaint—no summons issued within the year, and none is authorized to be issued after the expiration of the year—and we think the

action properly dismissed. There was no error in entertaining the motion to dismiss. The defendants moved before waiving their rights by answering, and it does not appear that they were in default.

Order affirmed.

RHODES, J., dissenting:

There is a marked distinction between this case and *Dupuy v. Shear*, 29 Cal. 238, upon the authority of which this case seems to have been decided.

In that case, after more than nine years subsequent to the commencement of the action, a summons was issued upon the *ex parte* order of the Judge, and was then served. Subsequently the order was set aside, and besides this, the summons having been issued contrary to the provisions of section twenty-three of the Practice Act, was unauthorized and void, and therefore there was no legal service of process. The Court thereupon ordered the complaint to be stricken from the files for want of prosecution. Here there was service of process upon one defendant four month previous to the motion to dismiss.

The grounds of the motion in this case were "that no summons was issued within the meaning of the Practice Act, and that no steps were taken to serve any process therein until four years after filing the complaint."

The first ground is answered by the Practice Act. Section twenty-two provides that an action "shall be commenced by the filing of a complaint with the Clerk of the Court in which the action is brought, and the issuing of a summons thereon." The provision in section twenty-eight, that "a copy of the complaint, certified by the Clerk, shall be served with the summons," shows that the copy of the complaint does not constitute a part of the summons.

The want of prosecution, which may be assigned as cause for dismissal, is the present want of prosecution. When the

plaintiff has unnecessarily or purposely delayed his prepara-
tions for trial, the cause may be dismissed for want of pros-
ecution while the delay continues; but when he is ready,
and is proceeding in the usual and orderly mode, he cannot
be dismissed because of his past negligence or delay.

In all cases, (except when there is an unwarrantable delay
in the service of the summons, as found in *Dupuy* v. *Shear*,
in which the Court did not acquire jurisdiction of the defend-
ant,) the dismissal is governed by section one hundred and
forty-eight of the Practice Act. The enumeration therein
of the cases in which the action may be dismissed is exclu-
sive of all other cases, according to the maxim: *Expressio
unius est exclusio alterius.* The next section declares that "in
every case other than those mentioned in the last section,
the judgment shall be rendered on the merits."

I think the order should be reversed.