# COOMBS *v.* STRETTELL.

(*Supreme Court of Colorado, Fall Term, 1882—Error to the District Court of El Paso County.*)

SUMMONS—DISMISSAL—APPEARANCE.    If summons is not sued out within one month after the filing of complaint, as provided for in section 30 of the Code, the suit may be dismissed.  The filing of a petition to remove the cause to the Federal Court, or special appearance to move to dismiss, is not such appearance as waives summons.

STONE, J.   The only error assigned is the dismissal of the action in the Court below.

The complaint was filed in the suit on the 23rd of June, 1880.   No summons was issued therein until the 6th day of August, 1880.

On the 28th day of July, 1880, the defendants moved to dismiss the suit on the ground that no summons was issued within thirty days after filing the complaint, as provided by section 30 of the Code.

Upon a hearing of this motion the case was dismissed.

The provisions of the California Code respecting the issuance of the summons are similar to ours, except that the time within which the summons may issue is one year, instead of one month, as in our Code.

In the case of the *Linden G. M. Company* v. *Sheplar*, 53 Cal., 245, where summons was not issued within one year after the complaint was filed, it is held that a dismissal of the action was proper.                                                              –

And this accords with previous decisions of the same Court in construing the practice act of that State touching the issuance and service of summons.   *Dupuy* v. *Shear*, 29 Cal., 238; *Reynolds* v. *Page*, 35 Cal., 296.

The principle of these decisions seems equally applicable to this case under the provisions of our own Code.

Section 396 of the Code defines a voluntary appearance of a defendant to be, "when he answers, or demurs, or gives the plaintiff a written notice of his appearance."

The appearance entered by the defendant in the case was specially limited to the purpose of the motion to dismiss, and

did not waive the right to make the motion.  *Linden G. M. Co.* v. *Sheplar, supra.*

Nor was the filing of a petition for removal of the cause into the Federal Court such an appearance in the case as to waive a summons.

The same definition of voluntary appearance in the California Code is held not to embrace notices for new trial, appeal and the like, nor papers served incidentally in the conduct of judicial proceedings, the direct and principal purpose of which is not to give notice of appearance, but to give notice of a step about to be taken in the cause.  *Steinbach* v. *Leese,* 27 Cal., 299; Harston's Practice, Sec. 1014, and cases cited.

The case was properly dismissed, and the judgment is affirmed.

*W. Harrison,* for plaintiff in error.

*M. B. Carpenter,* for defendant in error.