[No. 9267. In Bank. — May 17, 1886.]

HENRY COWELL, RESPONDENT, v. WILLIAM A. STUART ET AL., APPELLANTS.

PRACTICE — SUMMONS — ISSUANCE AND SERVICE OF — WANT OF PROSECUTION. — The action was commenced on the 9th of November, 1881. On the 6th of November, 1882, the summons was issued, but was not served or placed in the hands of the sheriff for service until several months thereafter. The issuance of the summons was delayed at the request of some of the defendants, and occasioned by their promises to pay the money to recover which the action was brought. *Held*, that the action should not have been dismissed for want of prosecution.

APPEAL from a judgment of the Superior Court of Marin County.

The facts are stated in the opinion of the court.

*Robinson, Olney & Byrne*, for Appellants.

*Pillsbury & Blanding*, and *E. B. Mahon*, for Respondent.

Ross, J.—This action was brought upon certain promissory notes and against five defendants. The complaint was filed November 9, 1881. On the sixth day of November, 1882, a summons duly signed and sealed was delivered by the clerk to the plaintiff's attorney, but neither the summons nor a copy of the complaint was served, or placed in the hands of the sheriff for service, until after the expiration of one year from the time the complaint was filed, nor was there any appearance within

the year by either of the defendants. This being so, it is urged on the part of the appellants that the action came to an end.

The provisions of sections 405 and 406 of the Code of Civil Procedure, as amended in 1874, are as follows:—

"Sec. 405. Civil actions in the courts of this state are commenced by filing a complaint.

"Sec. 406. The clerk must indorse on the complaint the day, month, and year that it is filed, and at any time within one year thereafter the plaintiff may have a summons issued; and if the action be brought against two or more defendants, who reside in different counties, may have a summons issued for each of such counties at the same time. But at any time within the year after the complaint is filed, the defendant may, in writing, or by appearing and answering or demurring, waive the issuing of summons; or if the action be brought upon a joint contract of two or more defendants, and one of them has appeared within the year, the other or others may be served or appear after the year, at any time before trial."

The statute does not now require, as it did when the case of *Reynolds* v. *Page*, 35 Cal. 296, was decided, a *certified* copy of the complaint to be served with the summons; so that when the clerk in the present case delivered to the plaintiff's attorney a summons duly signed and sealed, he had performed every act it was essential for him to perform in the matter. The action was commenced by the filing of the complaint (section 405, *supra*), and within a year thereafter the summons was issued by the officer charged by the law with the duty of issuing it, namely, the clerk. Under the statute in force when *Reynolds* v. *Page*, 35 Cal. 296, was decided, it was essential to serve a copy of the complaint *certified by the clerk,* with a copy of the summons, and for that reason the court held that the summons could not be considered as issued until the clerk had also issued that which the law made

an essential accompaniment to constitute a valid service. But, as already observed, since the amendment of the statute of 1874, a certified copy of the complaint is no longer necessary, and when the officer who is charged with the duty of issuing the summons has done all that the law requires him to do, we can see no ground for holding that the summons is not issued.

The action being commenced and the summons issued within statutory time, the action may nevertheless be dismissed for an unreasonable delay in the service of process or other want of prosecution, when the circumstances of the case show such action to be proper. In the present case service of process was had within a few months after the issuance of summons, and the delay in issuing the latter seems to have been at the request of some of the defendants and occasioned by their promises to pay the money. There was nothing in the circumstances of the case requiring of the court below a dismissal of the action for want of prosecution.

Judgment affirmed.

SHARPSTEIN, J., McKINSTRY, J., THORNTON, J., and MORRISON, C. J., concurred.