### PERRIS IRR. DIST. v. TURNBULL.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1914.)

No. 2356.

COURTS (§ 344*)—FOLLOWING STATE PROCEDURE—PROCESS.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), provides that, in actions at law, the forms and service of process in federal courts shall conform, as near as may be, to the requirements of the state law in like cases in state courts of record in the state in which the federal court is held. Code Civ. Proc. Cal. § 406, declares that the clerk must indorse on the complaint the day, month, and year that it is filed, and at any time within a year thereafter plaintiff may have summons issued. *Held* that, where summons was issued by the clerk within a year after the filing of the complaint, the fact that it was not placed in the hands of a marshal for service until after the year had expired was not ground for dismissal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

Action by R. B. Turnbull, as administrator of the estate of R. H. Thompson, deceased, against the Perris Irrigation District. From an order denying a motion to vacate a default judgment in favor of plaintiff, and to dismiss the action, defendant brings error. Affirmed.

C. Hughes Jordan, Frank W. Stafford, and Kenyon F. Lee, all of Los Angeles, Cal., for plaintiff in error.

William M. Hiatt and Oscar C. Mueller, both of Los Angeles, Cal., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and VAN FLEET, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROSS, Circuit Judge. On the 18th of February, 1913, the court below entered a money judgment by default against the plaintiff in error, which thereafter entered a special appearance for the purpose of its motion only, and moved the court to vacate the judgment and to dismiss the action, which motion was denied March 31, 1913. The present writ is brought for a review of that action of the trial court; the sole contention of the plaintiff in error being that the summons in the action was not issued within one year after the filing of the complaint therein.

The record shows that the complaint was filed December 29, 1904, and that on the 16th day of December, 1905, the clerk of the court prepared and signed as such clerk the usual summons, and affixed thereto the seal of the court; that the Marshal received the summons January 3, 1907, and personally served the same on the various officers of the defendant irrigation district on various stated days in 1907; and that on the 12th of September of that year the default of the defendant to the action was duly entered for its failure to appear and plead to, answer, or demur to the plaintiff's complaint.

The various and long delays in the course of the proceeding are accounted for by one of the attorneys for the plaintiff in the cause as follows:

"Oscar C. Mueller, being first duly sworn, deposes and says: That he is one of the attorneys for the plaintiff in the above-entitled action; that the complaint in said action was filed December 29, 1904; that the summons in said action was duly issued by the clerk of this court on December 16, 1905; that Hon. C. C. Wright was the attorney for the plaintiff in said action and appeared as such attorney at the time of the filing of said complaint herein, and continued as the attorney for the plaintiff in said action until his death, January 18, 1906; that thereafter affiant was substituted as one of the attorneys for the plaintiff in said action and has continued ever since to be and now is one of the attorneys for said plaintiff in said action; that he inquired of Hon. John D. Works, one of the attorneys now appearing for the defendant in said action, as to who were the officers of said defendant district; that said Hon. John D. Works had theretofore represented said Perris irrigation district in another action brought in the Circuit Court of the United States for the Southern District of California, by said plaintiff against said defendant, which action had theretofore been tried and judgment entered and had been appealed and the judgment affirmed by the United States Court of Appeals, Ninth Circuit; that said Hon. John D. Works informed affiant that he did not know who are the officers of the district; that he did not know where the minute books or records of the district could be obtained, and that he did not know where the information which affiant desired could be obtained; that thereafter, and in early part of the year 1907, affiant made a trip to the town of Perris, situated within the limits of said defendant district; that he inquired of many persons living there who the officers of the district were, but could obtain no information concerning the same; that affiant employed the Pinkerton Detective Agency to make an investigation for the purpose of learning who were the officers of said defendant district; that after such investigation, which investigation covered a considerable period of time, said detective agency gave affiant the names and residences of three of the persons, to wit, W. H. Pilch, Duncan McPherson, and A. R. Frederick, who were reputed to be the directors of said defendant district, and reported that said W. H. Pilch was reputed to be the president of said district; that from the time affiant became one of the attorneys for the plaintiff in said action, until just prior to the time the summons in said action was delivered to the United States Marshal for service, affiant was making every effort to learn who were the officers of said defendant district, and who was the president of said dis-

trict, and the person upon whom such service should be made; that during said time, whenever he met any person residing in said district, or who had resided in said district, or whom he thought by any chance might have knowledge of who were the officers of said district, he inquired concerning such officers, but was never able to get any such information until prior to the delivery of said summons to said United States Marshal for service; that during said time he inquired and endeavored to obtain such information from a very large number of people; that the plaintiff in said action resided in the city of Brooklyn, in the state of New York; that said plaintiff informed affiant that he had no knowledge concerning who were the officers of said district. Oscar C. Mueller."

Whatever the cause of the delays in the proceedings, the fact remains that the sole contention of the plaintiff in error is that the summons was not issued within one year from the filing of the complaint.

Sections 911, 912, and 914 of the Revised Statutes (U. S. Comp. St. 1901, pp. 683, 684) provide as follows:

"Sec. 911. All writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof. Those issuing from the Supreme Court or a circuit court shall bear teste of the Chief Justice of the United States, or, when that office is vacant, of the Associate Justice next in precedence, and those issuing from a district court shall bear teste of the judge, or, when that office is vacant, of the clerk thereof. The seals of said courts shall be provided at the expense of the United States."

"Sec. 912. All process issued from the courts of the United States shall bear teste from the day of such issue."

"Sec. 914. The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

Nowhere is it required by statute of the United States that the clerk shall deliver the summons to the Marshal for service, and, when the clerk has performed all of the acts prescribed by Congress for the issuing of writs and processes, the writ or process, as the case may be, is, in our opinion, clearly issued by him. And such have been the rulings upon the subject.

In Leas & McVitty v. Merriman (C. C.) 132 Fed. 510, 512, the court said:

"I think section 911, Rev. St. (U. S. Comp. St. 1901, p. 683), means no more than that, when a writ or process issues from a federal court, it must be signed by the clerk, and shall be authenticated in the manner therein set out."

In Jewett v. Garrett (C. C.) 47 Fed. 625, 627, the court said:

"The statute governing the issue of writs and process from the courts of the United States requires that such writs and process shall be under the seal of the court, and shall be signed by the clerk thereof (Rev. St. U. S. § 911); and there is a further requirement that all process must bear teste from the day of its issue (Id. § 912). Other than in these necessary particulars, neither the form of the writ or process, nor its contents, nor the manner nor method of its delivery to the Marshal for service, nor its formal drafting, is sought to be controlled or affected by any legislation of Congress, further than to ordain generally that the writ shall, as to those particulars, as far as possible, harmonize with, and be similar to, the writs and processes obtaining under the Code of Procedure of the state in which the court has jurisdiction."

As has been seen, section 914 of the Revised Statutes in terms provides in effect that in actions at law the forms and service of process in the federal courts shall conform, as near as may be, to that existing at the time in like cases in the courts of record of the state within which such federal court is held, any rule of court to the contrary notwithstanding.

Turning to the statutes of California, it is seen that at the time in question the Code of Civil Procedure of California provided as follows:

"Sec. 405. Civil actions in the courts of this state are commenced by filing a complaint.

"Sec. 406. The clerk must indorse on the complaint the day, month, and year that it is filed, and at any time within one year thereafter, the plaintiff may have a summons issued, and if the action be brought against two or more defendants, who reside in different counties, may have a summons issued for each of such counties at the same time. But at any time within the year after the complaint is filed, the defendant may, in writing, or by appearing and answering or demurring, waive the issuing of summons; or, if the action be brought upon a joint contract of two or more defendants, and one of them has appeared within the year, the other or others may be served or appear after the year, at any time before trial."

In construing those provisions of the California statute, the Supreme Court of that state said, in the case of Cowell v. Stuart, 69 Cal. 525, 11 Pac. 57:

"The statute does not now require, as it did when the case of Reynolds v. Page, 35 Cal. 296, was decided, a certified copy of the complaint to be served with the summons, so that, when the clerk in the present case delivered to the plaintiff's attorney a summons duly signed and sealed, he had performed every act it was essential for him to perform in the matter. The action was commenced by the filing of the complaint (section 405, supra), and within a year thereafter the summons was issued by the officer charged by the law with the duty of issuing it, namely, the clerk. Under the statute in force when Reynolds v. Page, 35 Cal. 296, was decided, it was essential to serve a copy of the complaint certified by the clerk, with a copy of the summons, and for that reason the court held that the summons could not be considered as issued until the clerk had also issued that which the law made an essential accompaniment to constitute a valid service. But, as already observed, since the amendment of the statute of 1874, a certified copy of the complaint is no longer necessary, and, when the officer who is charged with the duty of issuing the summons has done all that the law requires him to do, we can see no ground for holding that the summons is not issued. The action being commenced and the summons issued within statutory time, the action may nevertheless be dismissed for an unreasonable delay in the service of process or other want of prosecution, when the circumstances of the case show such action to be proper."

As said by the learned judge of the court below, the doctrine of that case, so far from being contrary to, is impliedly sanctioned in, Reynolds v. Page, 35 Cal. 296, 300, where the court says:

"The issuing of the summons intended is issuing it accompanied with everything necessary to enable the party, when he receives it, to make it available for the purpose of effecting a valid service. * * * And we think the summons not issued, within the meaning of the act, till all the papers essential to enable the plaintiff to make a valid personal service on the defendants, duly attested, are placed at his disposal."

Other California cases in line with the foregoing might readily be cited, but it is unnecessary to do so.

It is manifest that cases arising under statutes authorizing the attorney for the plaintiff to issue summons, and under statutes providing that an action is commenced when the summons is issued, are inapplicable to the present case. Nor is there anything supporting the contention of the plaintiff in error in rule 7 of the late Circuit Court of this district, which provides as follows:

"Rule 7. Dismissal of Actions—Failure to Prosecute.—Whenever a complainant shall fail to have process issued upon any complaint hereafter filed in this court, within one year after the filing thereof against any defendant named therein, who has not voluntarily made a general appearance in the action, or who shall fail to make a bona fide effort to procure service of summons upon such defendant within sixty days after the issuing thereof, such defendant may, upon due notice to the complainant, have said complaint dismissed for want of prosecution; but this rule shall not affect the right of the court to dismiss actions for want of prosecution in other proper cases"—

first, because the rule provides for a motion on the part of the defendant to dismiss the action for lack of prosecution when there has been an unreasonable delay in the effort to procure service of summons, which is not the point involved upon the present writ of error; and, secondly, because no rule of court is effective against the provisions of section 914 of the Revised Statutes, according to the express terms of the latter.

The judgment is affirmed.