## SARTOR et al. v. UNITED GAS PUBLIC SERVICE CO., Inc.

### No. 2385.

District Court, W. D. Louisiana, Monroe Division.

April 29, 1933.

See, also, 3 F. Supp. 946.

G. P. Bullis, of Vidalia, La., for plaintiffs.

Sholars & Gunby, of Monroe, La., for defendant.

DAWKINS, District Judge.

Plaintiffs bring this suit upon some five separate mineral leases, seeking to recover what they claim to have been the difference between the market price of natural gas taken by the defendant from the property and what was paid, amounting to some $14,000.

Defendant filed an exception to the venue and motion to quash the service, upon the ground that, since the petition shows the Louisiana agent of defendant for service of process resides in the Shreveport division, suit could not be filed in the Monroe division. It prayed a dismissal of the suit, and, in the alternative, that the case be transferred to the Shreveport division. Four days later, plaintiff filed a pleading asking that the defendant be compelled "to file on or before a date to be fixed by the court, all of the exceptions which it desires to file herein," upon the following grounds:

"2. In this suit, the issues and facts are substantially the same as in the suit of Dr. C. G. Pardue against the same defendant, No. 2132, and in that suit the Court considered and decided all the numerous issues of law involved, so that the Court and the litigants are familiar with the legal principles involved.

"3. The orderly practice and efficient administration of the Court requires that the Court have before it at one time all of the exceptions to be urged, in order that the Court may consider and decide them at one time, instead of taking up one exception, reading the record and deciding that, and continuing said process of taking up the same record at many different dates to decide exceptions filed seriatim.

"4. Owing to the large amount of business before this Court, it causes an unreasonable and unjust delay to plaintiffs in securing the judgment to which they are entitled, and affords an opportunity for debtors to evade payment of their debts, if exceptions are permitted to be filed one at a time, and the filing of one exception await the decision of the Court on the preceding exception."

As authority for the requested ruling, plaintiff relies upon U. S. C. title 28, § 731, 28 USCA § 731 (R. S. § 918), reading as follows: "Rules of practice in district courts. The district courts may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the Supreme Court under section 730 of this title, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

This section has its origin in the Act of March 2, 1793, c. 22, § 7, 1 Stat. 235, and Act of August 23, 1842, c. 188, § 6, 5 Stat. 518, and must be read in connection with and subordinate to section 724 of title 28 of U. S. C., 28 USCA § 724 (the Conformity Statute), Act of June 1, 1872, c. 255, § 5, 17 Stat. 197 (R. S. § 914), reading as follows: "Conformity to practice in State courts. The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

■ The last-quoted section being a more recent expression of the will of Congress, of course, any conflict between it and 28 USCA § 731 must be resolved in favor of the former. The purpose of the Conformity Act was to assimilate the practice in cases at law in federal courts to that of the states in which they sit, but without placing an iron-bound restriction upon the national courts compelling their literal conformity to the state laws. In other words, a considerable measure of discretion was left to the federal trial courts. Shepard v. Adams, 168 U. S. 618, 18 S. Ct. 214, 42 L. Ed. 602.

This court has by rule adopted the practice of the state courts in substantially the language of the Conformity Statute. Rule 12 reads as follows: "The practice, pleadings and rules of proceedings in civil causes, other than equity and admiralty cases, shall conform as near as may be to the practice, pleadings and modes of proceedings in like causes in the courts of record of Louisiana, and, to this end, the rules of practice and forms of procedure provided by the Code of Practice of Louisiana and the Statutes of this State are adopted insofar as they are not in conflict with the laws of the United States, or the rules of this Court, or the rules established by the Supreme Court, or the United States Court of Appeals for this Circuit."

It becomes pertinent, therefore, to first inquire whether there is anything in the state law to support the relief prayed for by plaintiff. If so, and there appears no good reason to the contrary, it may be followed. Section 7 of chapter 2 of title 1 of part 2 of the Louisiana Code of Practice, "Containing rules" "to be observed in the prosecution of actions before courts of original jurisdiction," beginning with article 330, deals with

the subject "of exceptions and defense" to actions. This article declares that "Exceptions are means of defense used by the defendant to retard, prevent or defeat the demand brought [by the plaintiff] against him." The next article, 331, recites that there are two species of exceptions, dilatory and peremptory; those denominated dilatory being further divided into declinatory exceptions, which deny the jurisdiction or venue of the court or capacity of the judge, and others which are "simply called dilatory exceptions." Article 332 defines dilatory exceptions as those which do not "tend to defeat the action, but only to retard its progress. * * *" Article 333 declares: "It is a rule which governs in all cases of exceptions * * * that they must be pleaded specially in limine litis, before issued joined, otherwise they shall not be admitted." Dilatory exceptions cannot be pleaded after a "judgment by default, nor can they be allowed in any answer in any cause." Then, under the heading of Declinatory Exceptions, article 336 provides as follows: "Declinatory exceptions may be pleaded in the defendant's answer, previous to his answering to the merits; but, except as relates to the declinatory exceptions, the defendant must plead in his answer all dilatory or peremptory exceptions on which he intends to rely, or which he is bound to plead expressly and specially, pursuant to the provisions of this Code."

■ There is a patent contradiction between articles 333 and 336, but the Supreme Court of the state has decided that the former should prevail for the reason that the provisions of article 333 were the expression by the Legislature of a clear intent to change the law formerly permitting the pleading of dilatory exceptions in the answer (Act No. 53 of 1839), and that, in adopting the Code of Practice of 1870, the failure to eliminate the contradictory language from article 336 was the result of "a piece of clumsy carelessness"; so that the law should be interpreted as requiring the filing of dilatory exceptions in limine litis. Chaffe v. Ludeling, 34 La. Ann. 962.

■ While it is true there appears to be no express provision in the state Code covering the particular subject-matter which we are dealing with here, to wit, the right of the court to require the filing of all dilatory exceptions within a given time, it is clear that under the state law and the conformity statute, as well as rule 12 of this court, they must

all be filed and disposed of before answer. Neither is there anything in the federal law, except section 731 of title 28 U. S. C. (28 USCA § 731), quoted above, bearing upon the matter, nor has this court adopted any general rule in regard thereto. So that the issue resolves itself to the point as to whether this court can or should, in the absence of a general rule, pursuant to the authority found in section 731 or its general powers to regulate the trial of causes under its control, make a special ruling of the kind asked by plaintiff. The vigilant litigant is undoubtedly entitled to press his cause and to have the aid of the court in doing so, as far as consistent with a due regard to the right of the other party to properly and effectively avail himself of the defenses which the law affords, including preliminary exceptions. It is undoubtedly true that there is considerable similarity in the several suits in which this same motion has been filed, as the main object in all of them is to recover a larger price for the natural gas taken by the defendant than that which was paid; but each has its own peculiar features otherwise which may warrant the filing of exceptions of different kinds. However, except as to those involving the jurisdiction or venue of the court, or such as are dependent upon the ruling to be made on some preceding one, I see no reason why the exceptions should not be filed successively, each with full reservation or in the alternative, so that, when the court comes to consider each case it may take up and dispose of the several pleas, if found proper, with one examination of the record. Of course, if a particular exception is found good, it will preclude the consideration of those of subsequent order; if not, in the rulings made the rights of the defendant can be fully protected by affording it exceptions in each successive step to be properly reserved and settled in bills to be later signed.

My conclusion, therefore, is that, except as to those instances where pleas to the jurisdiction or venue, or where the pleading already filed requires some ruling which may necessitate a change or amendment of the complaint to make available a subsequent defense, all dilatory exceptions should be filed within a delay, say of thirty days; and that in these excepted instances, similar action should be taken within the same period after declinatory or other special class of exceptions have been disposed of. Proper decree should be presented.