## HAYDEN v. BEILAND et al.
### No. 5025.

District Court, W. D. Oklahoma.
Aug. 28, 1933.

Cope & Hadsell, of Kansas City, Mo., and Bierer & Bierer, of Guthrie, Okl., for plaintiff.

S. J. Berton, of Cushing, Okl., for defendants.

VAUGHT, District Judge.

This action was filed on November 22, 1932. Summons was issued on the 1st day of December, 1932, requiring the defendants to answer by the 31st day of December, 1932, and directing the marshal to make return of the writ on the 12th day of December, 1932. The defendants filed their motion to quash on December 31, 1932, and nothing further was done in this matter until the 6th day of April, when said motion came on for hearing, at which time the plaintiff confessed the motion to quash and had issued an alias summons which was not served by the marshal on account of there being no costs deposited to cover said service. Thereupon a second alias summons was issued and same was duly served upon the defendants, and the defendants have filed a demurrer to the petition. It appearing that the service under the second alias summons was not had upon defendants until the statute of limitations had run against the causes of action set up in plain-

tiff's petition, the plaintiff, thereupon, filed its motion to vacate the order quashing the service and to permit plaintiff to amend the præcipe in order that the plaintiff might have the advantage of the service had upon the defendants under the original summons.

█ It is admitted that the only issue in this case is whether or not the motion to quash should be vacated. Under the Oklahoma Statutes 1931, § 217, we find: "The answer or demurrer, by the defendant, shall be filed within twenty days after the day on which the summons is returnable." This court will be controlled on its ruling on this matter by the decisions of the Supreme Court of Oklahoma.

In Aggers v. Bridges, 31 Okl. 617, 122 P. 170, Judge Williams, then on the Supreme Court, speaking for the court said, quoting the syllabus: "Notice by publication was given as provided by section 5614, Comp. Laws 1909, * * * with the exception that the time stated in said notice by which the defendant was to answer was only 36 days from the date of the first publication. The defendant appeared specially, and moved to quash the publication notice on the ground that such time should not be less than 41 days. This motion was overruled. Held, to be reversible error." In the body of the opinion the court, referring to the right of the defendant to have said service quashed, said: "But this is a substantial right that is taken away from this defendant. Under the solemn mandate of the sovereignty, the publication notice is to give him not less than 41 days from the date of the first publication in which to answer. This notice fails to do that, only giving 36 days. The defendant, having entered a special appearance for such purpose, properly saved his right to insist on this violation of the statute that affected his substantial rights."

█ The court, therefore, is of the opinion that had the said motion to quash been presented, it would have been the duty of said court to sustain it, but the plaintiff waited until April after the motion to quash had been filed in December in which to confess said motion.

The court regrets that the plaintiff has permitted the statute of limitations to run, but the peculiar predicament in which plaintiff finds himself is due to a lack of diligence on the part of the plaintiff.

The motion to quash could have been confessed at once and proper service had, but plaintiff waited until April and then procured alias summons, failed to provide the marshal with sufficient fees to serve said summons, and when service was actually had under the second alias summons, the statute had run.

Plaintiff has no one to blame but himself, or rather his attorneys who were handling his case at that time.

The motion to vacate the order quashing service of summons will be overruled. Exception allowed.