## STIMSON MILL CO. v. UNITED STATES.
### No. 20970.

District Court, W. D. Washington, N. D.
Nov. 18, 1935.

McMicken, Ramsey, Rupp & Schweppe, of Seattle, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

BOWEN, District Judge.

This is an action at law to recover a money judgment for breach of contracts of sale of lumber. It is now before the court on plaintiff's motion for default, based on defendant's failure to plead within the nonextensible time therefor provided by this court's rule 81.

The pertinent parts of that rule provide: "When an act to be done in any action at law * * * relates to the pleadings in the cause, * * * the time allowed by these rules may, unless otherwise specially provided, be extended by the Court or Judge by order made before the expiration of such time; but no such extension or extensions shall exceed thirty days in all, without the consent of the adverse party; nor shall any such extension be granted if time to do the act or take the proceeding has previously been extended for thirty days by stipulation of the adverse party. * * * And any extension obtained from the Court or Judge in contravention of this rule shall be absolutely null and void, and may be disregarded by the adverse party. * * * "

The Conformity Act (28 USCA § 724), applying to law actions like this, provides: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, *any rule of court to the contrary notwithstanding.*" (Italics supplied by the court.)

The affidavits for and against the motion disclose that defendant timely made its general appearance in the case, but afterwards let its original pleading time run out and later asked and received from plaintiff an extension until October 4, 1935, to plead. On October 1, 1935, the Assistant United States Attorney, who up to that time handled the matter for defendant, resigned, and his successor in the handling of this case for defendant was not advised and did not, prior to the serving of plaintiff's motion on October 17, 1935, know that a pleading was due from defendant. After

the motion was made, but before decision thereon, defendant filed its answer.

Plaintiff contends that by virtue of the foregoing local federal court rule, this court has no authority but to grant the default. Defendant insists that, this being a law action, the Conformity Act controls and that this court should in its discretion deny the motion and allow defendant's answer to stand, as might be done under local state practice.

In the case of Perris Irr. Dist. v. Turnbull (C. C. A.) 215 F. 562, 566, involving the question of whether or not a United States District Court should set aside a default judgment in a law action entered in accordance with state practice claimed to be in conflict with the provisions of a local federal court rule, Judge Ross, speaking for the Circuit Court of Appeals for the Ninth Circuit, held that the local state practice prevails under the Conformity Act to the exclusion of a local rule of the United States District Court, "because no rule of court is effective against the provisions of section 914 of the Revised Statutes [Conformity Act, 28 USCA § 724], according to the express terms of the latter." See Judge Ross' opinion (C. C. A.) 215 F. 562, at page 566. Other cases hold that on questions of practice and procedure in law cases the federal courts will be controlled by local state practice. See Hayden v. Beiland (D. C.) 8 F. Supp. 94; Eley v. Gamble (C. C. A.) 75 F.(2d) 171; Sartor v. United Gas Public Service Co. (D. C.) 3 F. Supp. 943. The question here presented, namely, whether or not a default should be entered, is one of practice and procedure. That question arising in this law action must, pursuant to the Conformity Act, be determined by the rulings of our state courts.

The Washington state Supreme Court has uniformly held that the question of whether the trial court should enter a default or open up a default already entered under the state statutes rests in the sound discretion of the court. Mason v. McLean, 6 Wash. 31, 32 P. 1006; Freeborn v. Chewelah Copper King Min. Co., 89 Wash. 519, 154 P. 1095; Jacobsen v. Defiance Lumber Co., 142 Wash. 642, 253 P. 1088. Thus in Agri. & Livestock Credit Corp. v. McKenzie, 157 Wash, 597, 289 P. 527, it was held that (quoting from the syllabus) "the opening of a default judgment for excusable neglect will not be reversed where, pending negotiations, the party's attorney left the state, leaving the matter with attorneys who were not fully acquainted with the proceedings until after the entry of the default decree, the party was not at fault, and it can not be said that the trial court abused its discretion."

Under the facts disclosed here, it cannot be said that the party defendant was guilty of inexcusable neglect when the time for it to plead elapsed by reason of the fact that there was a change in the personnel of the defendant's attorneys due to the resignation of the Assistant United States Attorney originally handling the matter, and the succeeding attorney was not advised that a pleading was due from the defendant prior to the serving of the motion for default.

Applying the rule of the Ninth Circuit Court of Appeals in the case of Perris Irr. Dist. v. Turnbull, supra, which is binding upon this court, and also the rule of the above-cited state cases, it is my opinion that the plaintiff's motion for default should be denied and that the filing by defendant of its answer herein should stand, and it is so ordered. Formal order may be settled upon notice.