Filed 10/4/21  Wine Country Gateway Recreational etc. v. Eagle Energy CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE WINE COUNTRY GATEWAY RECREATIONAL VEHICLE PARK, LLC et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> EAGLE ENERGY, INC. et al., <br><br> Defendants and Respondents. | 2d Civ. No. B306375 <br> (Super. Ct. No. 19CVP-0217) <br> (San Luis Obispo County) |

Here a party who brings an action for breach of contract based on alleged overcharges under the contract is collaterally estopped from bringing a second action for violating Business and Professions Code section 17045, prohibiting secret rebates that tend to destroy competition.[1]  We affirm.

---

[1] All statutory references are to the Business and Professions Code unless otherwise stated.

FACTS

The Wine Country Gateway Recreational Vehicle Park, LLC (WCG); Templeton Market and Deli, Inc.; Letters, Inc.; John Letters; and Abby Allen (collectively Plaintiffs) each operate independent service stations in Paso Robles, Templeton, and Santa Maria. Eagle Energy, Inc. (Eagle) is a fuel distributor. Eagle acts as a middleman between Phillips 66 Company, the manufacturer of 76 brand fuel, and independent service stations.

In 2010 and 2013, Plaintiffs entered into 10-year contracts with Eagle to supply fuel to their service stations. Because fuel prices can fluctuate daily, sometimes even hourly, the contracts contain no set price for the fuel delivered. This is typical in the petroleum industry.

*2016 Litigation*

In 2016, Plaintiffs sued Eagle alleging that Eagle was overcharging them for fuel. Plaintiffs claimed that under their contracts, Eagle could only charge them a specific market rate known as the dealer tank wagon or "DTW" rate, but that Eagle was charging them $0.03 per gallon more. Plaintiffs alleged causes of action for breach of contract, fraud, unfair business practices, and declaratory relief on their right to terminate their contracts.

Eagle cross-complained against WCG on a matter not related to this appeal.

Eagle moved for summary adjudication on most of Plaintiffs' causes of action. The trial court granted the motion. The court concluded that Plaintiffs' contracts did not specify a rate, and that Eagle complied with Commercial Code section 2305, allowing a seller in an open price contract to set prices as long as they are reasonable and in good faith.

2.

The cross-complaint and some causes of action remain. But the trial court's ruling took the heart out of Plaintiffs' case. No final judgment was entered.

*2019 Litigation*

A few months after the trial court granted Eagle's motion for summary adjudication, Plaintiffs filed the instant action.

The gravamen of this case is not that Eagle was overcharging Plaintiffs. Instead the gravamen is that Eagle breached section 17045, prohibiting the secret payment of rebates to some purchasers and not to all purchasers where such payment tends to destroy competition. Plaintiffs' complaint contained a cause of action for declaratory relief asking the court to declare that Eagle breached its contracts and that Plaintiffs had the right to contract with other parties.

Eagle demurred to the complaint on the ground that there was another complaint pending between the same parties, that the summary adjudication in the 2016 action precluded Plaintiffs from relitigating previously decided issues, and that the complaint did not sufficiently allege destruction of competition.

The trial court sustained Eagle's demurrer on the ground that the summary adjudication in the 2016 action precludes relitigation of those issues. The parties stipulated to a judgment in Eagle's favor.

## DISCUSSION

### I

*Appealability*

Eagle cites to the general rule that a stipulated judgment cannot be appealed. (Citing *In re Estate of Gurnsey* (1923) 61 Cal.App. 178, 182.) But an exception to the rule occurs when the appellant's consent to the judgment is given to facilitate an

3.

appeal after an adverse determination on a critical issue. (*Nogart v. Upjohn Co.* (1999) 21 Cal.4th 383, 399-400.)

Here Plaintiffs claim they stipulated to the judgment only to facilitate the appeal. Eagle does not contest the claim. Therefore, we proceed to the substance of the appeal.

## II

### *Standard of Review*

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid.*) But we do not assume the truth of contentions, deductions, or conclusions of law. (*Ibid.*) Our review of the trial court's decision is de novo. (*Ibid.*)

## III

### *Collateral Estoppel Does Not Require*
### *Final Appealable Judgment*

Plaintiffs contend that because there is no final judgment in the 2016 action, the trial court erroneously applied the doctrine of collateral estoppel.

The doctrine of collateral estoppel precludes relitigation of an issue previously litigated if: 1) the issue necessarily decided in the previous action is identical to the issue sought to be relitigated; 2) there was a final judgment on the merits in the previous action; and 3) the party against whom the plea is asserted was a party, or in privity with a party, to the previous action. (*Producers Dairy Delivery Co. v. Sentry Ins. Co.* (1986) 41 Cal.3d 903, 910.)

4.

But a final appealable judgment is not always necessary for collateral estoppel. For purposes of collateral estoppel, a "final judgment" includes any prior adjudication of an issue in another action that is determined to be "*sufficiently firm*" to be accorded preclusive effect. (*Sandoval v. Superior Court* (1983) 140 Cal.App.3d 932, 936.) Factors the courts consider in determining whether a prior adjudication is sufficiently firm are: 1) whether the decision was tentative, 2) whether the parties were fully heard, 3) whether the court supported its decision with a reasoned opinion, and 4) whether the decision was subject to appeal. (*Ibid.*; see *Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1565 [order sustaining demurrer sufficiently firm].)

Here the trial court's summary adjudication order was not tentative; the parties were fully heard; and the trial court supported its decision with a reasoned 11-page opinion. Although the summary adjudication order is technically not appealable, it is a final determination of the issues related to the causes of action to which it applies. The order is sufficiently firm to be given preclusive effect.

IV

*Plaintiffs Are Collaterally Estopped*

Plaintiffs contend that because the instant action involves a different primary right than the 2016 action, they are not collaterally estopped.

The primary right doctrine is properly involved in analyzing whether a claim is precluded under the doctrine of res judicata. (See *DNK Holdings, LLC v. Faerber* (2015) 61 Cal.4th 813, 824-825.) Claim preclusion prevents relitigation of the same cause of action between the same parties, that is, the same

primary right. (*Id.* at p. 824.) In contrast, collateral estoppel, that is, issue preclusion, bars relitigation of the same issue that was actually litigated and necessarily decided in a prior action. (*Ibid.*) Thus, because collateral estoppel does not involve claim preclusion, the primary right doctrine does not apply. (See *id.* at pp. 824-825 [discussion of the difference between res judicata and collateral estoppel and the proper application of the primary right analysis].)

Res judicata requires a final judgment. (*Border Business Park, Inc. v. City of San Diego*, *supra*, 142 Cal.App.4th at p. 1560.) Because here there is no final judgment, we are not concerned with claim preclusion, only issue preclusion.

In the instant litigation, Plaintiffs claim Eagle violated section 17045. Section 17045 provides: "The secret payment or allowance of rebates, refunds, commissions, or unearned discounts, whether in the form of money or otherwise, or secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions, to the injury of a competitor and where such payment or allowance tends to destroy competition, is unlawful."

In the 2016 action, Plaintiffs complained that Eagle was overcharging them on their contracts. The trial court found that Eagle was not overcharging Plaintiffs. In the present litigation, Plaintiffs are essentially alleging that Eagle is overcharging them by not offering them the same discount it offers competitors. The issue of overcharging was resolved against Plaintiffs in the 2016 action. Plaintiffs are collaterally estopped from raising it here.

Even if we were to assume a judgment was entered in the 2016 action and apply the primary right analysis, the result

6.

would be the same. The two actions involve the same injury to Plaintiffs and the same wrong by Eagle, overcharging. The same primary right is at stake. (*Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Co. of America* (2005) 133 Cal.App.4th 1319, 1332.)

Eagle is correct that Plaintiffs have raised no issues on appeal as to other causes of action on which the trial court sustained its demurrer. Plaintiffs have waived any challenges related to those causes of action. (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554-555.)

DISPOSITON

The judgment is affirmed. Costs are awarded to respondents.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          PERREN, J.

7.

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

————————————————————

Bleau Fox, Thomas P. Bleau, Andrew M. Grassel and Ramshin Daneshi for Plaintiffs and Appellants.

Adamski Moroski Madden Cumberland & Green, Michelle L. Gearhart, and Joshua M. George for Defendants and Respondents.